[L. A. No. 6389. Department Two.—February 1, 1921.]

## NETTIE B. VEYSEY, Respondent, v. S. MORIYAMA, Appellant.

[1] LANDLORD AND TENANT—CONSTRUCTIVE EVICTION.—Any disturbance of the tenant's possession by the landlord whereby the premises are rendered unfit or unsuitable for occupancy in whole or in substantial part for the purposes for which they are leased amounts to a constructive eviction if the tenant so elects and surrenders his possession, but there can be no constructive eviction if the tenant continues in the possession of the whole, however much he may be disturbed in the beneficial enjoyment.

[2] ID.—LEASE OF FARM LAND—PARTIAL FAILURE OF WATER SUPPLY—CONTINUED POSSESSION—LIABILITY FOR RENT.—Conceding that a

---

1. What may amount to eviction, note, 17 Am. Rep. 62.

Vacating premises as condition of constructive eviction, note, L. R. A. 1918D, 1177.

Effect of partial eviction upon liability for rent, notes, 17 L. R. A. 275; 41 L. R. A. (N. S.) 430.

failure of the water supply on ten out of four hundred and sixty shares of water stock on a total acreage of six hundred and forty acres of leased farm land is sufficient to constitute a constructive eviction, the tenant cannot avoid his covenant to pay rent while he remains in possession of the entire premises and continues to cultivate the whole thereof and enjoy the benefits of the remaining water supply, since he has ample remedy under such circumstances in recouping the damages he may sustain against the accruing rentals.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

James L. Allen for Appellant.

Conkling & Brown for Respondent.

SLOANE, J.—This is an action for unlawful detainer of land after default of defendant in payment of rent.

Defendant at the time the action was brought was in possession of the land in question consisting of 640 acres of farm land in the county of Imperial, under a three years' lease, which by its terms had yet over two years to run. Two installments of rent aggregating the sum of five thousand five hundred dollars were delinquent at the time of filing suit.

The only defense offered is a plea of eviction from a substantial part of the land and a resultant release of defendant from liability to pay rent. This claim of eviction rests upon the following circumstances. The land covered by the lease was dependent for its use and value upon the necessary water for irrigation. There was appurtenant to this land 460 shares of water stock in the Imperial Water Company No. 8, the Water Company furnishing water for irrigation to this part of the Imperial Valley. By the terms of the lease it is provided that the lessee "shall have the right to use the water on said land provided that he shall

2. Failure of landlord to perform duty to tenant as constructive eviction, note, Ann. Cas. 1916B, 123.

Eviction of tenant by failure to furnish heat, notes, Ann. Cas. 1914B, 1074; Ann. Cas. 1918D, 394; 37 L. R. A. (N. S.) 1217; L. R. A. 1918E, 742.

pay for all water ordered and used by him as it becomes due and payable,'' and that the lessor ''agrees to pay all assessments levied against the water stock located on said land as the same becomes due and payable, in order that the party of the second part [the lessee] shall have unrestricted use of the proportion of water to which said stock is entitled.'' The lessor soon after the execution of the lease defaulted in the payment of an assessment on this water stock and in consequence thereof the Water Company caused ten shares of the stock to be sold under the assessment. It is alleged in the answer that from the date of such sale defendant ''has been unable to procure any water on the shares so sold,'' and that the lessors have ever since failed to ''replace said water stock on said land, so that defendant might have the free and unrestricted use of the proportion of the water to which such stock was entitled, or to place sufficient water stock on said land to irrigate same,'' and that defendant ''has been deprived of the unrestricted use of the water to which such stock was entitled.'' It is further alleged that because of these conditions the defendant has been evicted from the portion of the land upon which said stock was located.

There is no allegation showing what part or how much of the land was affected by the sale of this water stock, or what was the extent or amount of damage resulting to defendant.

The defendant remained in the actual occupancy of the whole tract and planted and harvested a crop from the whole of it. The evidence discloses that there was a partial failure of the crop on a fraction of this land said to have been served by this withdrawn water stock. The evidence is conflicting as to whether or not there was an actual shortage of or insufficiency of water for the proper irrigation of the tract. The trial court found that this state of facts did not constitute an eviction.

Although not pleaded, it appears in evidence and is found by the court that defendant expended $391 in purchasing water stock to replace that sold under assessment against the lessors, and $220 of assessment on water stock appurtenant to the land, and that the water stock and water supply were thus restored by defendant himself prior to the commencement of these proceedings.

Defendant is relying in this case on a constructive eviction. It is not contended that he was at any time actually ousted from possession of any part of this land, or that he was not at all times from the beginning of the lease until some time after this suit was begun occupying and farming the whole of it. His interest under his lease in the water stock was not in the possession of the stock itself but in the right to a supply of water incident to such stock, and while if he was sufficiently deprived of his water supply to materially affect the purposes of his leasehold he might be justified in treating such breach of the covenants of the lease as an eviction and thereupon terminating his occupancy of the part of the premises affected, or even all of them. Yet he could not remain in the use and occupation of the whole of this property and claim exemption from paying rent on the ground of a constructive eviction.

There are cases in the decisions where a tenant who has been actually and forcibly ousted of possession of a part of the rented premises has been permitted to hold the remainder of the leasehold without paying rent, as where in a house consisting of several rooms the landlord had wrongfully taken possession of part of them, it has been held that the tenant could not be required while this partial eviction continued either to vacate the remainder of the house or pay rent for the part he occupied. Such is the application of *Christopher* v. *Austin,* 11 N. Y. 216; *Coburn* v. *Morrill,* 117 Mass. 262, [19 Am. Rep. 415], and other like decisions cited by appellant.

[1] The general rule, however, relating to a constructive eviction is that any disturbance of the tenant's possession by the landlord whereby the premises are rendered unfit or unsuitable for occupancy in whole or in substantial part for the purposes for which they were leased amounts to a constructive eviction, if the tenant so elects and surrenders his possession (16 R. C. L., p. 686). There can be no constructive eviction if the tenant continues in the possession of the whole, however much he may be disturbed in the beneficial enjoyment (16 R. C. L., pp. 686, 687; *Keating* v. *Springer,* 146 Ill. 481, [37 Am. St. Rep. 175, 22 L. R. A. 544, 34 N. E. 805]; *De Witt* v. *Pierson,* 112 Mass. 8, [7 Am. Rep. 58]; *Boreel* v. *Lawton,* 90 N. Y. 293, [43 Am. Rep. 170]). For instance, the failure of the landlord to heat a leased building

as agreed under the lease may constitute an eviction, but the tenant must abandon the possession. He cannot remain in possession and enjoy without paying the rent such supply of heat as is furnished, although so inadequate as to have warranted an abandonment of the lease had the tenant so elected. (16 R. C. L., p. 692; note, 37 L. R. A. (N. S.) 1218; *Minneapolis Co-op. Co.* v. *Williamson,* 51 Minn. 53, [38 Am. St. Rep. 473, 52 N. W. 986]; *Berlinger* v. *Macdonald,* 149 App. Div. 5, [133 N. Y. Supp. 522]; *Koehler* v. *Scheider,* 15 Daly, 198, [4 N. Y. Supp. 611]; *Siebold* v. *Heyman,* 120 N. Y. Supp. 105.)

[2] So, in this case, conceding that a failure of the water supply on ten out of four hundred and sixty shares of water stock on a total acreage of six hundred and forty acres is sufficient to constitute a constructive eviction, the tenant cannot avoid his covenant to pay rent while he remains in possession of the entire premises and continues to cultivate the whole thereof and enjoy the benefits of the remaining water supply. He has ample remedy under such circumstances in recouping the damages he may sustain against the accruing rentals. (*Mayor etc. of New York* v. *Mabie,* 13 N. Y. 151, [64 Am. Dec. 358]; *McCoy* v. *Oldham,* 1 Ind. App. 372, [50 Am. St. Rep. 208, 27 N. E. 647].)

The evidence discloses that defendant harvested twenty-five thousand dollars' worth of produce from this tract of land during the one cropping season he was in possession. If he had lost the entire use of the proportion of the land served with water from the ten shares of stock sold from the total four hundred and sixty shares, his proportionate loss would have been less than six hundred dollars.

The finding of the trial court that the failure of the lessors to protect these shares did not amount to an eviction was justified under the evidence.

Although there was no pleading to support a judgment for damages, the court allowed the sum of $611 to defendant as a setoff against the rent due, as compensation for the amount expended by defendant for replacing the forfeited shares and for payment of water assessments, giving judgment for the balance claimed on the unpaid installments of rent.

The defendant surrendered possession of the premises during the pendency of the action. This action was maintained by the assignee and grantee of the original lessors but there

is nothing in the issues presented making that circumstance material.

The judgment is affirmed.

Lennon, J., concurred.

WILBUR, J., Concurring.—I concur.    The trial court found that there was no insufficiency or shortage of water for the proper irrigation of the tract, and as the finding of the court is supported by sufficient evidence, it follows that there was no eviction from any substantial part of the premises.   For that reason I concur in the judgment.

Hearing in Bank denied.

All the Justices concurred.