[Civ. No. 5473.   First Appellate District, Division One.—May 18, 1927.]

ARTHUR RIECHHOLD, Administrator, etc., Respondent, v. SOMMARSTROM INVESTMENT COMPANY (a Corporation) et al., Appellants.

[1] LANDLORD AND TENANT — EVICTION — WHEN CONSTRUCTIVE.—Any disturbance of a tenant's possession by a landlord or by someone acting under his authority, whereby the premises are rendered unfit for occupancy for the purpose for which they are demised, or the tenant is deprived of the beneficial enjoyment of the premises, amounts to a constructive eviction if the tenant so elects and surrenders his possession; and it is not necessary that there should be an actual ouster to constitute such eviction.

[2] ID.—UNWARRANTED ALTERATION OF PREMISES—EVICTION OF SUBLESSEE.—In an action by a sublessee against a sublessor and the lessor to recover damages for an eviction caused by making alterations in store premises subleased by plaintiff, conceding the right of the lessor to have entered the premises to put them in a safe condition by repairing some of the wooden pillars which supported the superstructure, as ordered by a city inspector, the lessor had no right to disturb plaintiff's possession beyond that reasonably necessary to comply with the demand, and having done so it was bound to compensate the plaintiff for the loss he suffered by reason of being compelled to abandon the leased premises for the unexpired term of the sublease.

[3] ID. — UNWARRANTED ENTRY — TRESPASS.—The right of entry for one purpose will not justify the performance of acts for another

1. What may amount to eviction, note, 17 Am. Rep. 62. See, also, 15 Cal. Jur. 684; 16 R. C. L. 686.
2. See 16 R. C. L. 685.

purpose, and the making of the improvements in question without the consent of plaintiff constituted a trespass.

[4] ID. — EVICTION — DAMAGES—LOSS OF PROFITS FROM ESTABLISHED BUSINESS — EVIDENCE. — In such action, in estimating plaintiff's damage it was proper to consider evidence concerning his enforced removal to another place of business and also evidence regarding damage which resulted from being deprived of the use of the premises abandoned which would include actual profits from his established business.

[5] ID. — ACTS OF LESSOR — LIABILITY OF SUBLESSOR—EVIDENCE.—In such action, the contention of the sublessor that in any event he cannot be held liable for the acts of the lessor is without merit, where from the sublessor's own testimony it appears that it was at his request that the partition wall was constructed which cut off plaintiff's place from the rest of the premises and that he did so for the purpose of getting rid of plaintiff.

(1) 36 C. J., p. 261, n. 46.   (2) 36 C. J., p. 156, n. 17.   (4) 36 C. J., p. 84, n. 88.   (5) 35 C. J., p. 1003, n. 94.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Brunk and J. E. Pemberton for Appellant Witkow.

C. L. Colvin for Appellant Sommarstrom Investment Company.

James M. Koford for Respondent.

TYLER, P. J.—Action for damages for disturbance of lease. Defendant Sommarstrom Investment Company, a corporation, was at the time of the commencement of this action the owner of a three-story building situated in the city of Berkeley. The two upper stories thereof were divided into

4. Loss of profits as element of damages for eviction, note, 53 L. R. A. 102. See, also, 15 Cal. Jur. 824; 16 R. C. L. 698. Damages recoverable by tenant for wrongful eviction, notes, 100 Am. Dec. 428; 6 Ann. Cas. 460; Ann. Cas. 1912A, 860. See, also, 16 R. C. L. 696–698. Measure of damages recoverable by tenant for loss of unexpired term where he has treated interference with his possession as an eviction and abandoned the premises, note, 7 A. L. R. 1103.

apartments which were occupied by some fifteen families. The lower story was divided into stores used for business purposes. These stores were leased by the company to one Witkow, co-defendant herein, for a term of five years ending on December 15, 1924. The stores were not partitioned off one from the other, but constituted one large space with three entrances. From the fifteenth day of September, 1919, Witkow conducted and carried on a grocery in the premises, the business occupying about two-thirds of the space thereof. About April 17, 1920, he subleased to plaintiff the portion of the premises not used by him. The space so leased extended from the north wall of the building to a row of wooden pillars which supported the superstructure and formed a part of the wall dividing the stores. This lease was for a period beginning May 15, 1920, and ending September, 1924. The premises were to be used by plaintiff for the purpose of conducting a butcher-shop, and this, together with the grocery business of defendant Witkow. constituted what was known as the "Sunkist Market." The complaint alleges, in substance, that plaintiff began operating his business under his lease, and built up and enjoyed a profitable trade as retail butcher and dealer in meats from the patronage of a large number of householders, residents of the vicinity and neighborhood, and also from the patrons of the grocery department of the market. That on January 10, 1923, and against his will and consent, defendants broke and entered into the premises so occupied by plaintiff as tenant, and forcibly and unlawfully began the alteration and change of the premises by tearing out the north and rear walls, and the ceiling and floor thereof, and erecting a solid wall and partition which cut off completely the space leased by plaintiff from the other part of the premises occupied by the market. That by reason of said action on the part of defendants dirt, plaster, and other foreign substances covered the meats handled and sold by plaintiff, and rendered the conduct of his business in said premises impossible; that in consequence of these acts, plaintiff was forbidden by the food inspector of the city of Berkeley from conducting his business in said premises; that said action of defendants rendered the premises totally unfit for his business, and as a result thereof he was compelled to and did move from the premises, thereby suffering the loss of his established trade, his leashold interest, and damage to his fixtures by

reason of such removal. Judgment was prayed for in the sum of $5,085. Defendant investment company answering, alleged, among other things, that its acts were warranted by law and under the terms of the lease with Witkow, the provisions of which were known to plaintiff. By way of special defense it further alleged that on or about the tenth day of January, 1923, the building of which the stores were a part, became dilapidated, unsafe, and dangerous and that the company and the lessees were notified by the building inspector of the city of Berkeley that it would be condemned and closed unless steps were immediately taken to place it in a safe and sound condition, and defendants and plaintiff were ordered to do certain work to accomplish this result. It is then charged that plaintiff and defendant Witkow neglected to make the repairs so ordered and defendant thereupon, at the request and with the consent of the lessees, entered upon the premises for the purpose of complying with the order of the building inspector and that all the changes made were necessary to render the building safe; that the partition, the erection of which is complained of by plaintiff, was re-installed at plaintiff's request; that during the course of the alterations he, without any necessity therefor, voluntarily removed from the premises for the reason that his business had proved unprofitable. Defendant Witkow, after denying any loss on the part of plaintiff, set up the special plea that the work was done by his co-defendant Sommarstrom Investment Company, or the city officials, and whatever injuries the plaintiff may have suffered were inflicted by them and not by him. It appeared in evidence that the improvements made were of an extensive character. The changes consisted in the removal of fourteen wooden pillars and the replacing of them with steel; the tearing up the floor completely and replacing it with cement and taking off and replacing the plaster of the ceilings, and all walls, and the erection of a solid partition cutting plaintiff's place of business entirely off from the adjoining space occupied by the grocery and fruit market. It also appeared that the city building inspector had found four of the wooden pillars decayed, and ordered them repaired, but that he did not order the extensive alterations which were made or any improvement other than the removal of the decayed pillars. It further appeared from the testimony of Witkow that upon the commencement of the

work he had moved across the street for the reason that he could not conduct his business while the work was in progress; that it was at his request the partiton wall was erected, as he did not want a butcher of plaintiff's type in the premises. From this and other evidence the trial court found, in effect, that all of plaintiff's allegations were true. It also found that the Sommarstrom Investment Company had consented in writing to the subletting by Witkow to plaintiff of the premises in question; that the extensive alterations made were not made necessary under the notice from the public authorities to put the building in a safe condition, and that plaintiff never consented thereto.

Judgment was rendered in favor of plaintiff for the sum of $1,125 and costs of suit. As ground for reversal it is claimed that section 1941 of the Civil Code imposed upon the defendant Investment Company, as landlord of the building, the duty of keeping the leased premises in a condition fit for human occupation, and that in furtherance of this duty it had a right to enter upon the premises to do the work in question. It is further claimed that the lease of the company made with defendant ₁Witkow contained a covenant that the lessor should not be responsible for any damage to persons or property upon the premises, and also that it might enter the same for the purpose of putting the building in a first-class condition; that plaintiff took his sublease in subordination to these conditions in his immediate lessor's lease and subject to them, and was therefore bound equally with him by the conditions. We do not consider there is any merit in these claims. [1] It is an established rule that any disturbance of a tenant's possession by a landlord or by someone acting under his authority, whereby the premises are rendered unfit for occupancy for the purposes for which they are demised, or the tenant is deprived of the beneficial enjoyment of the premises, amounts to a constructive eviction if the tenant so elects and surrenders his possession. (*Veysey* v. *Moriyama,* 184 Cal. 802 [20 A. L. R. 1363, 195 Pac. 662]; *Agcr* v. *Winslow,* 123 Cal. 587 [69 Am. St. Rep. 84, 56 Pac. 422].) It is not necessary that there should be an actual ouster to constitute such eviction. (15 Cal. Jur., p. 684, sec. 93.) [2] Conceding the right in the landlord to have entered the premises to put them in a safe condition, this authority did not warrant

83 Cal. App.—12

it in making the extensive improvements which it did.
[3] A right of entry for one purpose will not justify the
performance of acts for another purpose; and the making
of the improvements in question without the consent of
plaintiff beyond question constituted a trespass. (*Dwyer* v.
*Carroll*, 86 Cal. 298 [24 Pac. 1015].) Here the evidence
shows that the only improvement necessary to insure the
safety of the building was the repair of four of the wooden
pillars, an improvement which could be accomplished in a
short space of time. This was all that the city inspector had
ordered. The company therefore had no right to disturb
plaintiff's possession beyond that reasonably necessary to
comply with the demand, and having done so it was bound
to compensate the tenant for the loss he suffered by reason
of being compelled to abandon the leased premises for the
unexpired term. [4] In estimating this damage it was
proper to consider evidence concerning the enforced removal
to another place of business and also evidence regarding
damage which resulted from being deprived of the use of
the premises abandoned which would include actual profits
from the established business. (*Hawthorne* v. *Siegel*, 88
Cal. 159 [22 Am. St. Rep. 291, 25 Pac. 1114]; 15 Cal. Jur.,
p. 824.) Such proof was properly presented and considered.
Plaintiff's lease had twenty months more to run and he was
doing business in excess of $2,000 per month, of which about
$400 was gross profit and his expenses were small. From a
consideration and review of the entire case it clearly
appears that the extensive improvements made by defendant
company were not required or compelled by public au-
thorities. [5] The contention that in any event Witkow
cannot be held liable for the acts of his co-defendant,
Investment Company, is without merit. From his own
testimony it appears that it was at his request that the
partition wall was constructed which cut off plaintiff's space
from the rest of the premises and that he did so for the
purpose of getting rid of plaintiff.

The judgment should be and it is hereby affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the
supreme court, after judgment in the district court of
appeal, was denied by the supreme court on July 13, 1927.