[Civ. No. 15572.   Second Dist., Div. Three.   Apr. 16, 1948.]

LORI, LTD., INCORPORATED et al., Appellants, v. E. E. WOLFE et al., Defendants; BEN HECHT et al., Respondents.

A. Brigham Rose for Appellants.

Macfarlane, Schaefer & Haun, Henry Schaefer, Jr., and Benjamin J. Goodman for Respondents.

VALLÉE, J. pro tem.—Plaintiffs sued defendants Wolfe seeking to reform a lease. The lease is dated February 15, 1944. It did not contain any provision against assignment or subletting. Plaintiffs sought, by their complaint filed April 26, 1945, to reform the lease by having a provision against assignment and subletting included. Defendants Wolfe

answered, denying the principal allegations of the complaint and alleging that on April 10, 1945, they had transferred their interest, as lessees, to Hecht and Salomon, who were then in possession, and pleaded that the action should be abated until Hecht and Salomon had been made parties.

A rather extended statement of the proceedings in the trial court is necessary to an understanding of the questions presented. The action came on for trial on July 9, 1945. The trial judge declined to proceed to the trial of the plea in abatement before the trial of the other issues. At the conclusion of plaintiffs' case he stated that the plaintiffs had not produced any evidence which would warrant reformation. He then stated that it appeared from the evidence introduced that Hecht and Salomon had an interest in the subject of the action and that they should be made parties defendant and given an opportunity to file a cross-complaint and set up their rights under the assignment.

On July 13, 1945, an order was made reciting that Hecht and Salomon were necessary parties to a complete determination of the controversy and ordering that the plaintiffs file such other amended and supplemental pleadings as they might be advised within 15 days; that Hecht and Salomon have 10 days to plead thereto; that the pleadings be amended by the addition of Hecht and Salomon as parties defendant. It will be noted that this order did not permit Hecht and Salomon to file a cross-complaint. On September 26, 1945, the plaintiffs filed an amended and supplemental complaint in which they named the Wolfes, Hecht and Salomon, and Hecht and Salomon, as copartners, parties defendant. The plaintiffs by this pleading sought reformation of the lease, and in addition, prayed that the assignment of the lease from the Wolfes to Hecht and Salomon be declared void; that the Wolfes be required to account to plaintiffs for moneys collected by them as lessees; that Hecht and Salomon be required to account for moneys collected by them subsequent to the assignment by the Wolfes to them; that the Wolfes be required to account for personal property and be required to rehabilitate the leased premises; and that the court enter a judgment ''adjusting the equities and rights of all parties in interest herein.'' The Wolfes answered, denying the principal allegations of the amended and supplemental complaint. They did not ask for any affirmative relief.

Hecht and Salomon answered and filed a cross-complaint. In the cross-complaint they named the plaintiffs but not

the Wolfes, as cross-defendants. They pleaded the lease of February 15, 1944, between the plaintiffs and the Wolfes; alleged that it did not contain any provision against assignment; that the Wolfes had performed all covenants of the lease; that on April 9, 1945, the Wolfes had assigned their interest in the lease to them; that they had taken and were in possession of the demised premises and had offered and tendered to plaintiffs all rent due under the lease, which plaintiffs had rejected; that a controversy existed between them and the plaintiffs, relating to the lease and with respect to (a) whether the lease of February 15, 1944, was in force, (b) whether the Wolfes, as lessees, had the right to assign to them, and (c) whether they were lawfully in possession of the demised premises with the right to continue in possession for the remainder of the term of the lease. They also alleged that the plaintiffs, with the intent to interfere with their quiet enjoyment of the demised premises and with the intent to evict them therefrom, had maliciously committed numerous acts for the purpose of annoying and harassing them. They alleged general and punitive damages. The cross-complaint prayed for declaratory relief, for an injunction, and for damages.

Plaintiffs answered the cross-complaint. They alleged that it was an unauthorized pleading; denied its principal allegations; admitted that they had refused to accept rent from Hecht; alleged that there was no controversy between cross-complainants and the plaintiffs; that they had had no transaction whatsoever with cross-complainants; admitted that they claimed that the Wolfes had no right to assign any interest in the lease and that they claimed that cross-complainants were not in possession. They alleged that cross-complainants had converted the use of the demised premises to immoral and illegal purposes. The answer to the cross-complaint prayed that the cross-complaint be dismissed; that it be adjudged that cross-complainants had no enforceable rights against the plaintiffs; that the plaintiffs had the right to eject the cross-complainants from the premises; that the assignment by the Wolfes to cross-complainants was void and that the plaintiffs were entitled to all relief sought in their original complaint.

On January 11, 1946, a motion to place the cause off calendar was heard. At that time the trial judge was advised that in December, 1945, the plaintiffs had filed an action in unlawful detainer against the Wolfes, Hecht and

Salomon. The court stated that he took judicial notice of the files in that action. Counsel for the plaintiffs then moved to dismiss the action because of the pendency of the unlawful detainer action. The motions were denied.

After the hearing on January 11th, the plaintiffs filed with the clerk, a written request to enter the dismissal of the action against the defendants E. E. Wolfe and Emma Wolfe. At the same time they also tendered the clerk a separate written request to enter a dismissal of the action against Hecht and Salomon. The clerk refused to file the request for dismissal as against Hecht and Salomon on the ground that they had sought affirmative relief by the cross-complaint.

The cause came on again for trial on January 14, 1946, at which time counsel for plaintiffs advised the court of the filing of the dismissal against the Wolfes and of the attempted filing of the dismissal against Hecht and Salomon. After considerable discussion, the court requested counsel for defendants to serve and file motions to vacate the dismissals to be heard at 1:30 p. m. the same day.

Prior to the court convening at 1:30 p. m., the plaintiffs filed with the clerk a written statement objecting to the trial of the action before Judge Stutsman and setting forth facts alleged to constitute ground of disqualification. After the filing of the written statement of disqualification, counsel for defendants Wolfe filed a notice of motion to strike the dismissals. Notwithstanding the filing of the statement of disqualification, Judge Stutsman granted the motion to vacate the dismissals. Thereupon he continued the trial of the cause until the matter of his disqualification could be determined. Subsequently, it was determined that Judge Stutsman was not disqualified.

The cause came on again for trial on February 27, 1946. Counsel for the plaintiffs did not appear. The court then stated that counsel could "proceed to be heard on the cross-complaint." Evidence was received in defense of the amended and supplemental complaint and in support of the allegations of the cross-complaint. On the afternoon of that day, counsel for plaintiffs appeared and thereafter participated in the trial until its conclusion.

On March 13, 1946, the court made an order correcting the order of July 13, 1945, (making Hecht and Salomon parties) *nunc pro tunc* as of that date to provide that Hecht and Salomon be granted leave to file a cross-complaint. The order of March 13, 1946, recited that the order signed on

July 13, 1945, did not speak the truth in that it did not contain the complete oral pronouncement made by the court.

The court found that there was no understanding between the parties to the lease that any restrictions against assignment were to be included therein and that there was no mistake in the making of the lease; that the Wolfes had a right to and had assigned the lease to Hecht and Salomon without the consent of the plaintiffs for a valuable consideration; that Hecht and Salomon took the assignment in good faith, for value, and without any knowledge of any claims of plaintiffs, and took possession of the leased premises and were lawfully in possession and had the right to continue in possession under the lease; that they had tendered to the plaintiffs all rent payable under the lease; that the plaintiffs had refused to accept the same; that a controversy existed between the plaintiffs and *all of the defendants* named in the action concerning the construction of a provision of the lease with respect to the payment of rental; that said provision should be construed as contended *by all defendants*; that *all defendants* had rendered accurate accounts to the plaintiffs; that *all defendants* had maintained and kept one set of books; that Hecht and Salomon had complied with the provisions of the lease, and had not violated any of its provisions; that the plaintiff Zelletta M. Rose, with the intent to interfere with Hecht and Salomon's quiet enjoyment of the demised premises and with the intent to evict them therefrom, had maliciously committed the numerous acts alleged in the complaint, which had injured and damaged the reputation and business of the demised premises and that she would continue so to do unless enjoined.

The judgment was that the plaintiffs were not entitled to reformation of the lease; that it did not contain a covenant against assignment; that it had been validly assigned to Hecht and Salomon; that they were lawfully in possession and had a right to continue in possession under the terms of the lease; that the plaintiffs had caused a constructive eviction of Hecht and Salomon from a substantial part of the leased premises; that Hecht and Salomon had complied with all provisions of the lease and that they had not violated any of its provisions; that plaintiff Zelletta M. Rose be enjoined from interfering with Hecht and Salomon's quiet enjoyment of the leased premises.

█ Appellants first urge that the filing of the dismissal of the action as against the Wolfes was effective to dismiss

the action and that the court erred in striking it from the files. The contention is well taken. At the time the dismissal was filed the defendants Wolfe had not set up any counter-claim or sought affirmative relief by cross-complaint or by their answer, and the trial had not been had. The Wolfes were not parties to the cross-complaint. Under these circum-stances, the plaintiffs had an absolute right to dismiss the action as against them. (Code Civ. Proc., § 581, subd. 1; *Jalof* v. *Robbins,* 19 Cal.2d 233, 234 [120 P.2d 19].) The fact that Hecht and Salomon were also parties defendant and that they had filed a cross-complaint did not affect the right of the plaintiffs to dismiss the action as to the defendants Wolfe. The issue joined on the cross-complaint was a separate, dis-tinct action from that joined on the complaint itself and severable therefrom. *(Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179, 182 [25 P.2d 983, 90 A.L.R. 384].)

A plaintiff has the absolute right to dismiss as to certain defendants who have not sought affirmative relief and not dismiss as to other defendants, whether such other de-fendants have or have not sought affirmative relief. The effect of the dismissal as to the defendants Wolfe was to pre-vent any subsequent proceedings in the cause by the court as to them. They were thereafter strangers to the action. The judgment, insofar as it adjudicated issues as between the plaintiffs and the defendants Wolfe, is a nullity. The court was without power to entertain the motion to set aside the dismissal as to the defendants Wolfe, and such action, as well as the procedure that followed with respect to them, was without legal sanction and void. *(Rogers* v. *Transamerica Corp.,* 6 Cal.App. 2d 340 [44 P.2d 635]; *Simpson* v. *Superior Court,* 68 Cal.App. 2d 821, 825 [158 P.2d 46]; 9 Cal.Jur. § 4, p. 508.) The attempted dismissal as to Hecht and Sal-omon was ineffective. They had sought affirmative relief.

The cross-complaint was properly filed. At the time the court stated that Hecht and Salomon should be made parties, he said that they should be permitted to file a cross-complaint. The formal order of July 13, 1945, making them parties, prepared by appellants, did not include permission to them to file a cross-complaint. When the error was called to the attention of the court an order was made *nunc pro tunc* as of July 13, 1945, giving them permission to file the cross-complaint. The *nunc pro tunc* order speaks as of July 13, 1945. (*Combination Land Co.* v. *Morgan,* 95 Cal. 548 [30 P.

1102]; *Moklofsky* v. *Moklofsky*, 79 Cal.App. 2d 259, 264 [179 P.2d 628].) By the order *nunc pro tunc* the court merely corrected a clerical error in the order of July 13, 1945. (*Martin* v. *Ray*, 74 Cal.App.2d 922, 928 [170 P.2d 75]; *McConville* v. *Superior Court*, 78 Cal.App. 203, 207 [248 P. 553].)

■ There is no merit in the contention that the action was not one in which a cross-complaint may be filed. Code of Civil Procedure, section 442, in part, provides: ''Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint.'' The affirmative relief sought by Hecht and Salomon in their cross-complaint against the plaintiffs related to and depended upon the lease which the plaintiffs in their amended complaint sought to reform. The gist of plaintiffs' amended complaint was that by mistake a provision against assignment had been omitted from the lease. Hecht and Salomon sought a decree that they were assignees of the lease. If the lease did not include a provision against assignment they, as assignees, had rights under the lease. If the lease included a provision against assignment they had no rights under the lease, if the lessors stood on that provision, as it is undisputed that the plaintiffs had not consented to an assignment. The affirmative relief they sought related to and depended upon the question whether the lease did or did not contain a provision against assignment. The applicable principle is stated in *Kent* v. *Clark*, 20 Cal.2d 779, 786 [128 P.2d 868, 142 A.L.R. 576]: ''If the defendant's pleading sets forth matter inextricably related to the matter forming the basis of the plaintiff's complaint, it meets the statutory requirements of a cross-complaint, and it is immaterial that the relief sought thereby is independent of that prayed for in the complaint.'' In *Eastin* v. *Roberts, Carpenter & Co.*, 19 Cal.App.2d 567 [66 P.2d 224], the court stated (p. 570): ''It has been said that the right to proceed by way of cross-complaint depends upon whether the matter set up therein bears a necessary relation to the matter constituting the cause of action, and if such relation be present it is immaterial that the relief sought is independent of that prayed for in the complaint; that the cross-complaint need not tend to diminish the plaintiff's recovery but may demand affirmative relief distinct from that demanded by the com-

plaint. (*Hanes* v. *Coffee*, 212 Cal. 777 [300 P. 963]; *California Trust Co.* v. *Cohn*, 214 Cal. 619 [7 P.2d 297].)'' (See, also, *Mikesell* v. *Gomez*, 67 Cal.App.2d 507, 511 [154 P.2d 927]; *County of Humboldt* v. *Kay*, 57 Cal.App.2d 115, 119 [134 P.2d 501]; *Hanlon* v. *Western Loan & Bldg. Co.*, 46 Cal.App.2d 580, 604 [116 P.2d 465].) Likewise, the cause of action alleged in the cross-complaint for an injunction sets forth matter inextricably related to the matter forming the basis of the plaintiffs' complaint—the lease and the assignees' quiet enjoyment thereunder.

During the course of the trial cross-complainants introduced evidence for the purpose of establishing that from the time they took possession of the demised premises they had performed all of the terms, conditions and covenants of the lease to be performed by the lessee. In response thereto the plaintiffs offered to prove that cross-complainants had not performed all of the terms, conditions and covenants of the lease, in that they had from the inception of their possession maintained the leased premises for immoral purposes. The court refused to hear such evidence from the plaintiffs upon the ground that he was not going to render any judgment which would be res judicata in the unlawful detainer action. Notwithstanding this ruling, the court found and adjudged that cross-complainants were lawfully in possession of the demised premises and had the right to continue in possession under the terms of the lease; that ever since April 10, 1945, the date cross-complainants took possession, ''there has existed and does still exist, privity of estate'' between the plaintiffs, as lessors, and cross-complainants, as assignees, in the demised premises; that the cross-complainants ''have complied with all of the covenants, terms, conditions and provisions of the lease aforesaid and they have not violated any of the covenants, terms, conditions and provisions thereof.'' The evidence offered by the cross-defendants was admissible. The refusal to receive it constitutes prejudicial error. The fact that an adjudication in the present action might be res judicata in the unlawful detainer action was of no moment. Cross-complainants tendered the issue as to whether they had complied with the lease. The plaintiffs were entitled to meet the issue.

The lease contained the following provision: ''The rental which shall be paid to the Lessors by Lessees for said premises for said term is as follows: To Zelletta M. Rose, the

sum of eight hundred fifty ($850.00) dollars per month; to Lori Ltd., Incorporated, the sum of three hundred fifty ($350.00) dollars per month, payable in advance, at said rate for the period commencing February 15th, 1944 and ending February 14, 1945. Thereafter, the Lessors herein shall have the option in lieu of accepting said basic monthly rental to receive in lieu thereof, at their option, thirty per cent (30%) of the gross revenue received as rent by the Lessees herein, and in the event that the Lessors elect to collect as rentals the said thirty per cent (30%) in lieu of the sums per month hereinbefore specified as a basic rental, the Lessors shall on or before the 15th day of December during all of the period herein involved make known to the Lessees their election to accept the percentum hereinbefore specified in lieu of the specific sum fixed, and it shall be incumbent upon the Lessees to furnish the Lessors on the first of December of each year commencing the first of December, 1945 with a true and accurate account of all revenues obtained by the Lessees herein in connection with the operation of the herein leased premises: . . .''

One of the issues tendered by the cross-complaint was the proper interpretation of the foregoing provision. Cross-complainants contended that in the event the plaintiffs, as lessors, elected to exercise the option therein provided that the same was not retroactive in its operation but that 30 per cent of the gross revenue received as rent by the lessees became due and payable to the lessors upon the exercise of the option commencing with February 15th of the year following the election. The plaintiffs contended that upon exercising the option they were entitled to 30 per cent of the gross revenue received as rent by the lessees retroactively as of February 15th preceding the date of election. Evidence from both sides was received to aid the court in construing the lease. The court found that on December 15, 1945, the plaintiffs elected to exercise the option to accept 30 per cent of the gross revenue received as rent by the lessees in lieu of accepting the basic monthly rental; that ''the plain meaning, understanding and intent'' of the quoted provision of the lease is as contended for by cross-complainants. Appellants urge that the finding is without support in the evidence. The contention is without merit. We are not in accord with the finding that the meaning of the provision of the lease is plain. We are not disposed, however, to disagree with the construction given the provision by the trial judge. Present counsel for

appellants prepared the lease. ■ The language should be interpreted most strongly against the party—appellants—who caused the uncertainty to exist, and any doubt as to its meaning is to be resolved against such party. (Civ. Code, § 1654; 4 Cal.Jur. 10-Yr. Supp. (1943 Rev.) § 185, p. 135.) Appellants did not, prior to December 15, 1944, elect in writing to accept 30 per cent of the gross revenue in lieu of monthly rental. They accepted the basic monthly rental of $1,200 per month as rent for the months commencing February 15, and March 15, 1945. Wolfe testified that he understood that the option provision was not retroactive. In *Estate of Rule*, 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319], it was said: "The rule is that an 'appellate court will accept or adhere to the interpretation [of a contract] adopted by the trial court—and not substitute another of its own— . . . where parol evidence was introduced in aid of its interpretation, and such evidence . . . is such that conflicting inferences may be drawn therefrom.' (4 Cal.Jur. 10-Yr. Supp. (1943 Rev.) 146-147, § 192; see also 2 Cal.Jur. 934-939, § 549.)"

■ The lease has a provision by which the lessees agree not to sell or permit the sale of liquor on the demised premises "without the consent of the Lessors." One Anzalone, as a subtenant of Hecht and Salomon, operated a cafe on the premises. Appellants wrote a letter to Anzalone waiving this provision of the lease and giving her permission to sell liquor, under her liquor license, in the cafe and on abutting property not part of the demised premises. The court found that the writing of the letter constituted a constructive eviction of Hecht and Salomon. Appellants attack the finding. We are unable to perceive how the mere waiver by appellants of a right which they had under the lease constituted a constructive eviction. Appellants' waiver did not in any way affect the rights of Hecht and Salomon, if any, as against Anzalone. The court did not find that Hecht and Salomon sustained any monetary damage by reason of the waiver.

■ In order that there be a constructive eviction it is essential that the tenant should vacate the property. There is no constructive eviction if the tenant continues in possession of the premises however much he may be disturbed in the beneficial enjoyment. (*Veysey* v. *Moriyama,* 184 Cal. 802, 805 [195 P. 662, 20 A.L.R. 1363]; *Tregoning* v. *Reyn-*

*olds,* 136 Cal.App. 154, 157 [28 P.2d 79].) Hecht and Salomon not only continued in possession but were litigating, seeking to remain in possession. This finding is without support in the evidence.

It is asserted that the trial court made other findings "in no wise related to the original form of action or to any issue pleaded in the case." The original complaint was superseded by the amended and supplemental complaint. The other findings respond to the issues made by the latter complaint and the answer of Hecht and Salomon thereto and to the issues made by the cross-complaint and the plaintiffs' answer thereto. Appellants do not point out wherein the findings do not relate to the issues. They characterize certain of them as "unintelligible," or "an absurdity," or "an insult to the intelligence of a moron," or that it "shocks credulity." As to one or two findings the appellants say they are "diametrically contrary to that of the undisputed evidence," without pointing out wherein the finding is contrary to the evidence. The characterizations referred to are of no assistance and the claimed errors with respect to those findings will not be considered. It is the duty of appellants to show in their brief wherein the evidence does not support the findings. (*Wieczorek* v. *The Texas Co.,* 45 Cal.App.2d 450, 456 [114 P.2d 377].) We are satisfied, from an examination of the 918 page reporter's transcript that the criticized findings are amply supported by the evidence. Appellants seem to contend that because, when the cause came on for trial the second time their counsel stated to the court that they abandoned their amended and supplemental complaint, findings should not have been made with respect to issues joined by that pleading and the answer of Hecht and Salomon thereto. The burden was on the plaintiffs to establish the truth of the allegations made in their amended and supplemental complaint. In the absence of any evidence in regard to the issues joined by the amended and supplemental complaint and the answer of Hecht and Salomon thereto, it was the duty of the court to find thereon against the appellants. (*Monterey County* v. *Cushing,* 83 Cal. 507, 510 [23 P. 700] ; *Hammond Lumber Co.* v. *Richardson,* 94 Cal. App. 119, 123 [270 P. 751] ; *Baines* v. *Shank,* 12 Cal.App. 391, 394 [107 P. 631].)

The judgment is reversed as to the defendants E. E. Wolfe and Emma Wolfe, with directions to dismiss the action as against said defendants. The judgment is reversed inso-

far as it decrees that the defendants, Ben Hecht and J. G. Salomon, Ben Hecht and J. G. Salomon, as copartners, are lawfully in possession of the demised premises and have the right to continue in possession thereof under the terms and provisions of the lease aforesaid and insofar as it decrees that ever since April 10, 1945, "there has existed and does still exist, privity of estate" between the plaintiffs, as lessors under the lease, and cross-complainants, Hecht and Salomon, as assignees of the original lessees in the demised premises, and insofar as it decrees that Hecht and Salomon have complied with all of the covenants, terms, conditions and provisions of the lease, dated February 15, 1944, described in the judgment as "Exhibit A," and that they have not violated any of the covenants, terms, conditions and provisions thereof, and insofar as it decrees that the plaintiffs caused constructive eviction of Hecht and Salomon from a substantial part of the demised premises. The judgment is affirmed in all other respects, including the decree that the lease was validly assigned to Hecht and Salomon.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied May 14, 1948, and opinion and judgment were modified to read as above, and appellants' petition for a hearing by the Supreme Court was denied June 10, 1948.