[Civ. No. 18290.   First Dist., Div. Two.   June 30, 1959.]

ELDO S. SLATER et al., Appellants, v. ANTONIO CONTI et al., Respondents.

Carter, Terreo & O'Connell and James W. Funsten for Appellants.

Anderson & McMillan and Hugh F. Connolly for Respondents.

DRAPER, J.—At the outset of nonjury trial, both sides moved for judgment on the pleadings. Defendants' motion was granted and plaintiffs appeal from judgment then entered. The facts hereafter stated are taken from the allegations of the complaint and from stipulations made at pretrial conference and on argument of the motions for judgment.

Defendants leased land to plaintiffs for a five year term for use as a golf driving range. Plaintiffs took possession September 1, 1953, the date of commencement of the term. On March 8, 1954, the city and county of San Francisco filed an action in ejectment against both lessors and lessees, claiming title to a strip 132 feet wide which bisects the land leased. Both lessors and lessees contested this action. Lessees continued to pay rent through August 31, 1954. There is no specific allegation of termination of lessees' possession, although it is alleged that by reason of the ejectment action lessees "were compelled to and did cease to operate" their business September 30, 1954. On October 11, 1954, lessors commenced an unlawful detainer action against lessees, who allege that lessors filed such action "knowing that (lessees) . . . were no longer in possession." December 30, 1954, memorandum decision in favor of lessors was filed in the unlawful detainer action, and judgment followed January 13, 1955. Memorandum decision in favor of the city and county was filed in the ejectment action November 29, 1954, and judgment was entered January 14, 1955. No writ of restitution ever issued. Both judgments are now final.

In the case at bar, plaintiff lessees assert that because they were deprived of the use of the strip of land owned by the city and county of San Francisco, the remainder of the leased land became valueless to them. They seek compensation for expenses incurred in improving the land, costs of defense of both ejectment and unlawful detainer actions, and loss of profits. The trial court's order for judgment on the pleadings was based upon the view that plaintiffs' possession and enjoyment of the leased premises was neither interfered with nor disturbed until commencement of the unlawful detainer action. Since that action and the judgment therein was based upon plaintiffs' failure to pay rent, that court concluded that no liability could be imposed upon defendant lessors.

The lease before us contains no express covenant either of title or of quiet enjoyment. However, under our code there is an implied covenant securing to the lessee "the quiet possession" of the leased premises "against all persons lawfully claiming the same" (Civ. Code, § 1927). Plaintiffs argue that, in addition, a lessor impliedly covenants title in himself. Language in some of the older cases (*Chandler* v. *Hart*, 161 Cal. 405, 413 [119 P. 516, Ann.Cas. 1913B 1094] ; *McAlester* v. *Landers*, 70 Cal. 79 [11 P. 505] ; *La France* v. *Kashishian*, 204 Cal. 643 [269 P. 655]) seems to support this view. But

none of these cases directly holds that damages may be recovered for breach of such a covenant. Nor do we find any authority permitting recovery for lack of title in the lessor unaccompanied by loss of possession by the lessee. On the contrary, section 1927 expressly limits the covenant to application as against persons "lawfully claiming" the property. It seems clearly implied that the lessor's title is relevant only insofar as its lack leads to disturbance of the lessee's possession. It is significant that the Field draft of a Civil Code for New York, which was the basis for much of our Civil Code, contains, in section 981, the exact language which since 1872 has been section 1927 of our Civil Code. The Field draft, which was intended as a codification of the common law, cites for this section *Vernam* v. *Smith*, 15 N.Y. 327. In that case plaintiff lessor sued for the first year's rent. The lessee's answer alleged that plaintiff was not the owner of the leased premises, that defendant lessee was sued in ejectment by a third party shortly after commencement of the term, and that 10 days after expiration of the first year of the term judgment was entered against defendant in the ejectment action. Comparability to the case at bar is clear. But the court of appeals affirmed sustaining of demurrer to the answer and judgment in favor of plaintiff lessor. ■ It seems clear that even if execution of a lease implies a covenant of title in the lessor, breach of the covenant is actionable only when possession is interfered with. Thus the question before us is whether appellant lessees' loss of possession resulted from paramount title of the city and county to a substantial portion of the leased land, or from lessees' own failure to pay rent.

■ There is no question that when a tenant is deprived of the beneficial enjoyment of the leased premises by his landlord or one acting under his authority, such deprivation amounts to a constructive eviction, and supports an award of damages to the tenant, if the latter "so elects and surrenders his possession." (*Riechhold* v. *Sommarstrom etc. Co.*, 83 Cal. App. 173, 177 [256 P. 592].) ■ An actual eviction from a substantial part of the leased premises is a defense to an action in unlawful detainer, since the rent will not be apportioned and the tenant is not removable for failure to pay rental for the portion remaining in his possession. (*Giraud* v. *Milovich*, 29 Cal.App.2d 543 [85 P.2d 182].) ■ Similarly, where the tenant is deprived of the beneficial enjoyment of a substantial part of the leased premises, he may treat this as a constructive eviction, surrender possession, and rely upon the

eviction as a defense in unlawful detainer. (*Veysey* v. *Moriyama*, 184 Cal. 802 [195 P. 662, 20 A.L.R. 1363] ; *Agar* v. *Winslow*, 123 Cal. 587 [56 P. 422, 69 Am.St.Rep. 84].)

But "(t)here can be no constructive eviction if the tenant continues in the possession of the whole, however much he may be disturbed in the beneficial enjoyment." (*Veysey* v. *Moriyama, supra,* p. 805.) Even a surrender after commencement of the unlawful detainer action brings defendant within an exception to the general rule applicable in unlawful detainer proceedings, and permits him to assert a claim for damages by way of counterclaim or cross-complaint. (2 Witkin, California Procedure, 1573, and cases there cited.)

The complaint before us shows that lessees remained in possession of the leased premises into September. Although alleging that the entire leasehold was "necessary and essential" to the operation of their business, the complaint asserts that plaintiffs were compelled to cease operation "on or about September 30, 1954." Further, since the main objective of an action in unlawful detainer is the recovery of possession, with recovery of rent or damages a mere incident thereto (see cases cited in 30 Cal.Jur.2d, Landlord and Tenant, § 348) the judgment in the unlawful detainer action, now final, is a binding determination that lessees were in possession of the premises at least as late as October 11, 1954, the date of commencement of the unlawful detainer action. It follows that their possession was terminated by the judgment entered January 13, 1955, in the unlawful detainer action. Lessees admit failure to pay rent after August 31, 1954, and stipulate that the judgment in unlawful detainer included an award of unpaid rentals, making clear that this judgment resulted from their default. As previously pointed out, they could have pleaded actual or constructive eviction, the basis of their claims here, in the unlawful detainer action. Since we do not have the benefit of the pleadings, findings and judgment in that action, we cannot determine whether such issues were presented and determined. But since such issues could have been there raised, lessees are precluded from asserting them in this later action.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 26, 1959.