[Civ. No. 26250.   Second Dist., Div. Two.   Nov. 27, 1962.]

GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Plaintiff and Appellant, v. VICTOR FRANKFURT et al., Defendants and Respondents.

CHARLES M. LANE et al., Plaintiffs and Respondents, v. GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Defendant and Appellant.

(Consolidated Cases.)

224

Roscoe C. Carroll for Appellant.

Richards, Watson, Smith & Hemmerling and David S. Smith for Respondents.

HERNDON, J.—This appeal is taken from judgments rendered in two cases consolidated for trial. Appellant, as lessee, and respondent Victor Frankfurt, as lessor, entered into a 10-year lease which by its terms was to commence on July 1, 1957, and provided for a monthly rental of $250. Upon execution of the lease, $500 was paid to respondent lessor to cover the first and last months' rent and it was further provided that the lessee would not be liable for the rent until such time as the lessor could deliver possession. Lessor's delivery of possession became possible on September 1, 1957.

The leased premises consisted of the lower floor of a two-story building. The upper floor owned by respondent Frankfurt was used as a hotel. The findings of fact of the trial court declare that on various dates in 1958, defective plumbing in the upper portion of the building caused discolored water and plaster to fall into appellant's portion of the building; that respondent Frankfurt repaired such defects; that minor damage was caused to appellant's personal property, but because appellant never repaired its property, the amount of such damage was unknown.

On October 14, 1958, appellant served on respondent Frankfurt a notice purporting to rescind the lease on grounds of fraud, deceit, and mutual and unilateral mistake. Thereafter, this notice also was served on respondents Lane who had purchased the property and had taken an assignment of the lease on October 16, 1958. Appellant also gave notice to respondent Frankfurt by a letter dated October 15, 1958, that appellant elected to terminate the lease due to the lessor's alleged failure to make repairs; however, appellant also indicated therein that it was willing to continue in possession on a month to month basis. On December 11, 1958, appellant served on respondents Lane a notice of termination based on the same general grounds as stated in the earlier notices and in which it was also indicated that appellant would vacate the premises on December 31, 1958.

On November 12, 1958, appellant having failed to pay the specified rental, respondents Lane served upon it a "Three Day Notice to Pay Rent or Quit," which expressly stated that "[y]our landlord hereby elects not to declare a forfeiture of your lease under which you have held said premises, and

specifically intends to hold you liable thereunder.'' Appellant failed either to pay the rent or to vacate, and on December 19, 1958, respondents Lane filed an action in unlawful detainer seeking possession of the premises, but not a forfeiture of the lease. This cause came on for hearing on January 9, 1959. At this time appellant had vacated the premises and therefore stipulated that judgment might be entered for respondents on the issue of possession. Judgment was entered in accordance with this stipulation. Respondents Lane were also awarded $250 as rental due to January 1, 1959. The court apparently determined that, due to the delay in the initial taking of possession, there had been a double payment of rent for September of 1957. Therefore, although appellant had not paid the rental for either November or December of 1958, and the court expressly refused to credit appellant with the advance payment of the final month's rental, credit for one month's rent was nevertheless allowed to appellant by the terms of the ''stipulated'' judgment.

On November 14, 1958, appellant had filed an action seeking rescission of the lease in accordance with its notices mentioned above. This was later consolidated for trial with an action filed by respondents Lane seeking recovery of the rental payments due subsequent to the period covered by the judgment rendered in the unlawful detainer action. The issues presented in the two consolidated actions were essentially the same. As heretofore indicated, the findings of the trial court were to the effect that appellant's attempts to rescind and terminate the lease were ineffective, and, since no forfeiture of the lease had been effected until June 30, 1959, when respondents Lane voluntarily accepted the cancellation, appellant was held liable for damages equivalent to six-months rental, less credit for the $250 advance rental paid. A finding also was made that respondents had exercised reasonable efforts to relet the premises during this six-months period and thereby minimize the damages.

██ ██ It is the asserted insufficiency of the evidence to support these findings that constitutes appellant's only actual assignment of error. Accordingly, it seems necessary again to repeat the fundamental precept of appellate review recently stated in *Gruner* v. *Barber*, 207 Cal.App.2d 54 [24 Cal. Rptr. 292], at page 57: ''We find ourselves immediately presented with the oft-repeated and time-honored rule that when a finding of fact is attacked on the ground that there is not

any substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, that will support the finding, and when two or more inferences can reasonably be deduced from the facts a reviewing court is without power to substitute its deductions for those of the trial court. (*Brewer* v. *Simpson*, 53 Cal.2d 567 [2 Cal.Rptr. 609, 349 P.2d 289].)'' ▆▆▆ On appeal all intendments must be indulged in favor of the trial court's findings. (*Sand* v. *Concrete Service Co.*, 176 Cal.App.2d 169, 174 [1 Cal.Rptr. 257].)

▆▆▆ No useful purpose would be served by reviewing in detail the evidence contained in the rather lengthy record. It is sufficient to say that from appellant's own notices and the correspondence introduced as exhibits, it is clear that appellant did not vacate the premises because of any constructive eviction or in accordance with any right to rescind or terminate the lease due to respondent's failure to make repairs. Appellant expressly offered to continue as a tenant on a month to month basis and sought only to terminate its liability to pay the rent for the balance of the lease period. When respondents refused to accept this suggested arrangement, appellant failed to pay the rent and surrendered possession on December 31, 1958, prior to the hearing of the unlawful detainer action. The evidence, therefore, is more than sufficient to support the findings and conclusions denying the relief sought by appellant and allowing respondents their damages in the amount of the rentals for the period during which the property remained vacant prior to their acceptance of the cancellation. (*Slater* v. *Contin*, 171 Cal.App.2d 582, 585-586 [341 P.2d 395] ; *Treff* v. *Gulko*, 214 Cal. 591, 598 [7 P.2d 697].)

▆▆▆ Appellant also makes certain general arguments to the effect that respondents' action for rent was filed prematurely, and that it sought ''rent'' rather than ''damages.'' Manifestly, these arguments are unsubstantial and without merit, for when the case was called for trial on June 27, 1961, all amounts which respondents claimed to be due them long since had accrued. The parties agreed to submit the legal issues to the court for its consideration prior to the taking of any testimony with reference to matters not apparent either from the documents themselves or from the facts agreed upon at the pretrial. The trial court, in a carefully considered

memorandum, determined these legal issues and indicated that the trial would proceed for the purpose of determining the amount of damages to which respondents were entitled. With this advance knowledge, appellant could not possibly have been prejudiced by the "misnomer" to which it alludes.

Appellant's final assignment of error concerns the failure of the trial court to find that its liability under the lease terminated as a matter of law at the time the judgment for restitution of possession was granted in the earlier unlawful detainer action. Whatever might be the merits of such an argument under other circumstances, it is clearly unmeritorious where, as here, (1) the tenant has categorically repudiated its liability under the lease prior to the service of the statutory three-day notice; (2) the three-day notice expressly states that a forfeiture is not being declared; (3) the tenant voluntarily surrenders possession of the premises prior to the trial of the unlawful detainer action; and (4) the judgment (which does not declare a forfeiture, but merely declares respondents' rights to a possession which appellant already has surrendered) is entered pursuant to stipulation. (Code Civ. Proc., § 1174; *Grand Central Public Market, Inc.* v. *Kojima,* 11 Cal.App.2d 712, 717 [54 P.2d 786].)

The judgments and the order denying motion to vacate judgment are affirmed. The purported appeals from the trial court's orders excluding evidence, denying appellant's motions to amend its pleadings, and denying appellant's motion for a nonsuit are dismissed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 26, 1962.