381 P.2d 596

Adelaida C. PURVIS, Appellant,

v.

Evarista SILVA and Lucy Silva, husband and wife, Appellees.

No. 6916.

Supreme Court of Arizona.

In Division.

May 15, 1963.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Robert C. Kelso, and Jeremy E. Butler, Phoenix, for appellees.

UDALL, Vice Chief Justice.

■ This appeal comes to us from a judgment for $1350 given plaintiff in an action for damages from a wrongful eviction. The principal assignments of error are that the evidence does not justify the finding for the plaintiff, and that the evidence upon which damages were determined was too conjectural and speculative.[1]

■ Appellees and appellant entered into an agreement on February 6, 1956, whereby appellant leased to appellees a laundry for a period of one year. Monthly rental payments were to be made on the 6th of each month. Appellees entered upon the premises and began operating a laundry business. After considerable difficulty with the equipment and the parties disagreeing as to whose fault caused this difficulty, the appellees and appellant apparently had a falling out the details of which are themselves in dispute. At any rate the appellant had the water to the laundry shut off on December 1, 1956, five days before the monthly rent was due. Consequently, the

D. L. Greer, St. Johns, for appellant.

---

1. Appellant also assigns as error the court's refusal to admit a letter to show that she did not intentionally evict plaintiffs. Without deciding any other problem regarding the admissibility of the letter we note that it was offered for the purpose of refreshing appellant's recollection and not to prove her intentions. She cannot now change her theory of its admissibility. See Pickwick Stages Corp. v. Williams, 36 Ariz. 520, 287 P. 440.

appellees were unable to operate. The business was closed down and the premises abandoned by the appellees. The appellees failed to pay their rent on December 6th even though two months time remained on their lease period. On December 15th, the appellant changed the locks on the doors and boarded up the laundry building. What rights the appellees had to have the water turned back on is not clear from the evidence found in the record. That they could do so was simply alleged in the appellant's brief. The fact remains that the appellant succeeded in closing down appellees' operation and forcing them off the premises by her turning off the water. This substantiates a finding that there was a constructive eviction of the appellees.[2]

The matter of damages, however, presents a different problem. We said in Jacob v. Miner, 67 Ariz. 109, 116, 191 P.2d 734 (1948):

> "It is a well established rule in this state that loss of profits from the destruction or interruption of an established business may be recovered if the amount of actual loss is rendered reasonably certain by competent proof. (cases cited.)"

See also Ludwigsen v. Larsen, supra.

■ In the case at bar damages were arrived at without competent proof. Both parties concede to this in their briefs. Furthermore, the trial judge admitted that on "the question of damages, proof is very meager." The sum awarded was arrived at by recognizing that appellees, according to their own testimony, had been receiving a total of $800 per month gross from four sources. With only two months to run on the lease this would amount to $1600 expected gross income less $300 rent yet to be paid plus $50 which represented the value of butane left on the premises by the lessees. This was all the evidence offered with regard to damages. It fails to indicate any expense except rent. This is unrealistic. In the usual course of such a business there would be cost to lessees of light and power, water, taxes, advertising, repairs and maintenance, salaries of employees, if any, and other expenses usually associated with a business establishment. Furthermore, no consideration was given to other sources of income than the four testified to. The main question remains unanswered as to whether the business had been carried on at a profit or a loss.

---

2. Constructive eviction has been defined as a substantial and intentional interference by the lessor with the tenant's permanent use and occupancy of the premises. Kulawitz v. Pacific Woodenware & Paper Co., 25 Cal.2d 664, 155 P.2d 24; Slater v. Conti, 171 Cal.App.2d 582, 341 P.2d 395; Sierad v. Lilly, 204 Cal.App. 2d 770, 22 Cal.Rptr. 580; E. B. Jones Motor Co. v. Niedringhaus, Mo.App., 323 S.W.2d 31.

See also Ludwigsen v. Larsen, 227 Mich. 528, 198 N.W. 900; Everson v. Albert, 261 Mich. 182, 246 N.W. 88.

We are of the opinion that the question of a constructive eviction was well supported by the evidence. We find, however, that in reference to the question of damages the case should be sent back to the trial court for a further hearing on that question only.

Affirmed in part and reversed in part with directions.

BERNSTEIN, C. J. and STRUCK-MEYER, J., concurred.