Filed 12/22/14; pub. order 1/15/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAVE WESTWOOD VILLAGE et al., Plaintiffs and Appellants, v. MEYER LUSKIN et al., Defendants and Respondents. | B253013 (Los Angeles County Super. Ct. No. BS142388) |

APPEAL from an order of the Superior Court of Los Angeles County. James C. Chalfant, Judge. Affirmed.

Law Offices of Noel Weiss and Noel W. Weiss for Plaintiffs and Appellants.

Meyers, Nave, Riback, Silver & Wilson, Amrit S. Kulkarni, Julia L. Bond, Shiraz D. Tangri, and Mary C. Tsai for Defendants and Respondents.

Petitioners and appellants Save Westwood Village, Sandy Brown, and Harald Hahn (collectively, appellants) appeal from the trial court's order granting a special motion to strike, pursuant Code of Civil Procedure section 425.16 (anti-SLAPP motion),[1] all of the causes of action asserted against respondents Meyer Luskin, Renee Luskin (the Luskins), and the UCLA Foundation (the Foundation)[2] in this action concerning a proposed 25,000 square foot conference center and a 294,000 square foot, 250-room guest center to be constructed on the UCLA campus (the conference center).  We affirm the trial court's order.

## BACKGROUND

### The parties

Save Westwood Village is a California non-profit corporation formed in 1997. Sandy Brown and Harald Hahn are taxpayers, registered voters, and residents of the City of Los Angeles.

The Foundation is a California non-profit corporation with its principal place of business located within the County of Los Angeles.  Its purpose is to act as a conduit through which individuals can make tax exempt gifts to benefit UCLA.

Meyer Luskin is a director of the Foundation.  He and Renee Luskin pledged $40 million to the Foundation to support the construction of the conference center.

### Appellants' petition

Appellants commenced this action on April 3, 2013, by filing a verified petition for writ of mandate seeking to rescind the Luskins' donation toward construction of the conference center and to require the Regents of the University of California (Regents) to pay the City of Los Angeles (City) certain taxes allegedly owing in connection with the

---

[1]    All further statutory references are to the Code of Civil Procedure, unless otherwise stated.  A special motion to strike is also referred as an anti-SLAPP motion.

[2]    The Luskins and the Foundation are referred to collectively as respondents.

conference center and other UCLA visitor accommodations.**3** Appellants allege that on December 23, 2010, the Luskins made a written grant to the Foundation of $40 million to be used to support construction of the conference center and that the Foundation in turn pledged those funds to UCLA for that purpose. Thereafter, appellants allege, the conference center project "'morphed' into the development of a *commercial* hotel," in violation of University of California policies prohibiting the use of tax-exempt financing for non-exempt activities. In March 2012, while approval of the conference center project was still pending, the Regents requested additional information and analysis regarding less costly alternatives. The Regents's request prompted the Luskins to write a letter in support of the project in July 2012 "'clarifying' their initial 'vision'" for the conference center.

Appellants further allege that the Foundation is "mandated by its by-laws and incorporation documents to exclusively fund charitable undertakings," that this limitation "applies to the financing of the construction of buildings for exempt purposes," and that the Luskins' $40 million grant was improperly and unlawfully applied toward activities that exceed the Foundation's powers.

Appellants' petition asserts causes of action for (1) injunctive relief under section 526a**4** against the Regents to pay taxes allegedly owing to the City as the result of UCLA's existing hotel operations; (2) injunctive relief under section 526a against the Regents, the Luskins, and the Foundation to set aside the Regents's approval of the conference center, to rescind the Foundation's $40 million pledge toward construction of the conference center, and to rescind the condition imposed by the Luskins on their $40 million gift to the Foundation that the funds be used only for construction of the

---

**3**     The Regents and the City are not parties to this appeal.

**4**     Section 526a authorizes "[a]n action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state . . . against any officer thereof, or any agent, or other person acting in its behalf . . . by a citizen resident therein . . . who is assessed for and is liable to pay . . . a tax therein."

3

conference center; (3) writ of mandate against the City to collect all taxes owed on account of the Regents's operation of UCLA visitor accommodations; and (4) declaratory relief against respondents, the Regents, and the City.

**Respondents' anti-SLAPP motion and dismissal from the action**

Repondents filed a demurrer and an anti-SLAPP motion to strike the claims asserted against them. In response, appellants filed a first amended petition that eliminated all claims against respondents but that still named respondents as parties. Respondents then filed a demurrer to the first amended petition and renewed their anti-SLAPP motion.

Appellants opposed the anti-SLAPP motion, arguing that neither respondents' free speech rights, nor their rights of petition were implicated by the original petition because the gravamen of the claims against respondents was enforcement of the Regents's fiduciary duties to refrain from engaging in ultra vires commercial activities and to evaluate the economic bona fides of the proposed conference center. Appellants repeatedly stated that they were not challenging the Luskins' right to donate funds to the Foundation or the Foundation's right to contribute those funds to a UCLA construction project. Their challenge, appellants' insisted, was directed at the Regents's unauthorized operation of a commercial enterprise. Appellants claimed to have named respondents as parties in order to give respondents "an opportunity to defend their position and provide the Court with the relevant input and authority to support the lawfulness of the REGENTS' actions." Appellants argued that their claims against respondents came within section 425.17, subdivision (b), which exempts certain public interest lawsuits from the ambit of the anti-SLAPP statute.

The day before the October 1, 2013 hearing on respondents' demurrer and anti-SLAPP motion, appellants voluntarily dismissed respondents from the action.

**Trial court's ruling**

At the October 1, 2013 hearing, the trial court noted that by voluntarily dismissing respondents from the petition, appellants had conceded they could not show a probability of prevailing on their claims against respondents. The court addressed the merits of the

4

anti-SLAPP motion solely for purposes of determining respondents' entitlement to an attorney fee award under section 425.16, subdivision (c)(1).

The trial court found that appellants' claims against the Luskins were based on the December 23, 2010 letter granting $40 million to the Foundation and the July 2012 letter the Luskins had written in support of the conference center when the Regents's approval of the project was pending. The trial court found that these letters constituted an exercise of free speech in connection with a matter of public interest. The court found that the Foundation's pledge of funds to UCLA toward construction of the conference center was also an exercise of free speech. The trial court addressed appellants' argument that they had named respondents as parties in order to give the Luskins and the Foundation the opportunity to appear and defend the tax exempt nature of their donation, noting that appellants "should have named the Foundation and the Luskins as Real Parties-in-Interest, not respondents."

The trial court then addressed the merits of appellants' claims under section 526a, and concluded that appellants had no probability of prevailing on those claims because neither the Luskins nor the Foundation was a governmental entity. The court further concluded that to the extent the Luskins' $40 million gift to the Foundation could be regarded as "'an illegal expenditure or waste,' it cannot possibly become so until it has left the hands of the Luskins and the Foundation and is being used by the Regents." As to appellants' declaratory relief cause of action against respondents, the trial court found no actual present controversy between the parties because respondents owed no mandatory duty to appellants to avoid donating funds in a manner that might jeopardize the Foundation's tax exempt status. The court found that the public interest exemption of section 425.17 did not apply, granted the anti-SLAPP motion, and took respondents' demurrer off calendar as moot.

This appeal followed.

**DISCUSSION**

**I. Applicable law and standard of review**

    *A. Section 425.16*

        Section 425.16, subdivision (b)(1) provides in relevant part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Subdivision (e) of section 425.16 defines an "'act in furtherance of a person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue'" to include "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law," "(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," or "(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

        Determining whether the statute bars a given cause of action requires a two-step analysis. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) First, the court must decide whether the party moving to strike a cause of action has made a threshold showing that the cause of action "aris[es] from any act . . . in furtherance of the [moving party's] right of petition or free speech." (§ 425.16, subd. (b)(1); *Navellier, supra*, at p. 88.)

        If the court finds that a defendant has made the requisite threshold showing, the burden then shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); *Navellier, supra*, 29 Cal.4th at p. 88.) In order to demonstrate a probability of prevailing, a party opposing a special motion to strike under section 425.16 """"must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a

6

favorable judgment if the evidence submitted by the plaintiff is credited."' [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741, fn. omitted (*Jarrow*).)

A trial court's order granting a special motion to strike under section 425.16 is reviewed de novo. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.)

### B. Section 425.17

Section 425.17, subdivision (b) exempts certain public interest lawsuits from the ambit of the anti-SLAPP statute. It provides: "Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist: [¶] (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision. [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." (§ 425.17, subd. (b).)

The Legislature enacted section 425.17 in 2003 to curb the "disturbing abuse" of section 425.16. (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 316 (*Club Members*).) "'According to the sponsor of Code of Civil Procedure section 425.17, Senator Sheila Kuehl, the same types of businesses who used the SLAPP action were inappropriately using the anti-SLAPP motion against their public-interest adversaries. Hence, the Legislature expressly designed subdivision (b) of section 425.17 to prevent the use of the anti-SLAPP device against "specified *public interest actions*," among others. (Assem. Com. on Judiciary, Rep. on Sen. Bill No. 515 (2003-2004 Reg. Sess.) as amended June 27, 2003, p. 2.)' [Citation.]" (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 499 (*Strathmann*).)

Not all public interest or class actions, however, are intended to be exempt from the anti-SLAPP law. (*Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 913.)

7

To be exempt, the action must be brought solely in the public interest or on behalf of the general public. (*Club Members, supra*, 45 Cal.4th at p. 317, fn. 6.) "The 'public interest' referred to in section 415.17(b), does not simply describe topics that members of the public might find interesting. Instead, the term 'public interest' is used to define suits brought for the public's good or on behalf of the public. To qualify under section 425.17(b)'s exemption, suits must be brought *solely* to secure this public benefit." (*Club Members*, at p. 318.) "The term 'solely' as used in section 425.17(b) 'expressly conveys the Legislative intent that section 425.17(b) not apply to an action that seeks a more narrow advantage for a particular plaintiff.' [Citation.]" (*Strathmann, supra*, 210 Cal.App.4th at p. 499.) An action is not subject to a motion to strike if it is brought solely in the public interest and all of the conditions set forth in section 425.17 are met. (*Club Members, supra*, 45 Cal.4th at p. 316.)

Whether plaintiffs' action comes within the public interest exception of section 425.17, subdivision (b) is a threshold issue that we address prior to examining the applicability of section 425.16. (*Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 840.) We review the question of whether section 425.17 applies under the circumstances presented here under the de novo standard of review. (*All One God Faith, Inc. v. Organic & Sustainable Industry Standards, Inc.* (2010) 183 Cal.App.4th 1186, 1211.)

## II. Appellants' claims are not exempt under section 425.17

Appellants contend their claims against the Luskins and the Foundation come within the public interest exemption accorded by section 425.17 because they seek to enforce an important public right -- namely, preventing the Regents from engaging in an ultra vires activity by developing and operating a commercial enterprise on the UCLA campus. That argument improperly conflates appellants' claims against respondents with those asserted against the Regents.

Appellants' claims for injunctive and declaratory relief against the Regents are based on allegations that the Regents approved and developed the conference center as a commercial hotel. Appellants contend that development is illegal and a waste of public

8

funds.  In contrast, the claims asserted against respondents are based on monies donated by the Luskins and the Foundation toward a conference center that subsequently "morphed" into an allegedly unlawful commercial enterprise.  Appellants do not allege that the Luskins or the Foundation had any role in the transformation of the conference center into a commercial enterprise.

Respondents and the Regents are separate parties, and appellants' public interest arguments against the Regents cannot be asserted against the Luskins and the Foundation. Neither the Luskins, as individual donors, nor the Foundation, a charitable organization, owes the general public any duty to prevent the Regents from operating a commercial hotel on the UCLA campus.

Appellants' cause of action for injunctive relief against respondents alleges that the Luskins and the Foundation owe the general public a mandatory duty to refrain from committing acts which may cause the Foundation to lose its tax exempt status.  They cite no legal basis, however, for the existence of such a mandatory duty.  Appellants accordingly fail to meet the second condition imposed by section 425.17, subdivision (b) by identifying how this action, if successful, would enforce an important right affecting the public interest and confer a significant benefit on the general public.  (§ 425.17, subd. (b)(2).)  As the trial court noted, "[t]here is no benefit conferred on the public by restraining the Luskins from donating money to UCLA through the Foundation, even temporarily until the lawfulness of the Regents actions has been decided."

Because appellants fail to establish enforcement of an important public right or interest in their claims against respondents, we conclude section 425.17 does not preclude application of section 425.16 to this action.  (*Club Members, supra*, 45 Cal.4th at p. 320 [public interest exception only applies if the entire action is brought solely in the public interest].)

## III.  The anti-SLAPP motion was properly granted

Having determined that appellants' action does not come within the statutory exemption accorded by section 425.17, subdivision (b), we now address whether that action is within the ambit of section 425.16.

9

### A. *Arising from protected activity*

Appellants' claims against the Luskins are based on the following alleged facts: (1) in December 2010, the Luskins made a written grant to the Foundation of $40 million to be used toward construction of the conference center; and (2) in July 2012, the Luskins wrote a letter "'clarifying' their initial 'vision'" for the project in response to a request by the Regents for further information. Appellants sought declaratory and injunctive relief against the Luskins to prevent them from "causing any monies to be expended on [the conference center] unless and until it can be ascertained that the project will be profitable, after the payment of transient occupancy taxes, federal taxes, state taxes, and all other operational taxes attendant to the management and operation of the [conference center]."

The Luskins's December 2010 and July 2012 letters come within section 425.16, subdivision (e)(4), which encompasses conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest. Subdivision (e)(4) of section 425.16 applies to private letters concerning issues of public interest. (*Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1467 (*Ruiz*).)

The December 2010 and July 2012 letters concern a public issue or an issue of public interest. "'Public interest' within the meaning of the anti-SLAPP statute has been broadly defined to include, in addition to government matters, "'private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a governmental entity.'" [Citation.]" (*Ruiz, supra*, 134 Cal.App.4th at p. 1468.) A $40 million donation to a public university for the construction of a university conference center is private conduct that impacts a broad segment of society and that affects a community in a manner similar to that of a governmental entity.

The Foundation's $40 million pledge to UCLA also comes within the ambit of section 425.16, subdivision (e)(4) as conduct in furtherance of the constitutional right of free speech. The making of a political campaign contribution has been held to be a type of speech subject to protection under the anti-SLAPP statute "'as a general expression of support for the candidate and his views, . . . .' [Citation.]" (*Paul for Council v. Hanyecz*

10

(2001) 85 Cal.App.4th 1356, 1365-1366, disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 (*Equilon*).) The charitable donation made by the Foundation to UCLA is similarly an expression of support for the university, and as such, constitutes conduct in furtherance of the constitutional right of free speech protected under section 425.16. That conduct concerned the university's conference center, a matter of public interest.

Appellants' claims against the Luskins and the Foundation arise out activity that is protected under the anti-SLAPP statute. The trial court properly determined that respondents met their burden of demonstrating that their conduct and statements were acts in furtherance of the constitutional right of free speech, in connection with a public issue or an issue of public interest.

### B. Probability of prevailing

Because the trial court correctly determined that appellants' claims against the respondents arose from conduct that is protected under section 425.16, we must now determine whether appellants met their burden of "demonstrat[ing] a probability of prevailing on the claim[s]." (*Equilon, supra*, 29 Cal.4th at p. 67.) To satisfy this burden, "the plaintiff must 'state[] and substantiate[] a legally sufficient claim.' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."' [Citation.]" (*Jarrow, supra*, 31 Cal.4th at p. 741, fn. omitted.) "Section 425.16 therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

Appellants cannot establish any probability of prevailing on their claims against respondents because they voluntarily dismissed respondents from this action. Following entry of that dismissal, the trial court was without jurisdiction to act further with regard to respondents in this action, except for the limited purpose of awarding costs and statutory attorney fees. (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33

Cal.App.3d 116, 120.) After dismissing respondents, appellants were precluded from pursuing any subsequent proceedings against them in this action. (*Lori, Ltd. v. Wolfe* (1948) 85 Cal.App.2d 54, 61 (*Lori, Ltd.*).) Appellants' voluntary dismissal of respondents is not appealable. (*Bell v. Hummel* (1982) 136 Cal.App.3d 1009, 1015, disapproved on another ground in *Laird v. Blacker* (1992) 2 Cal.4th 606, 617.)

Respondents made the requisite threshold showing that the causes of action asserted against them arise from conduct in furtherance of the constitutional right of free speech in connection with a public issue or an issue of public interest. (§ 425.16, subds. (b), (e) & (f).) The burden then shifted to appellants to demonstrate a probability of prevailing on their claims. They failed to do so. The trial court accordingly did not err in granting the anti-SLAPP motion.

## IV. Appellants' indispensible party argument is not cognizable in this appeal

Appellants seek to undo their voluntary dismissal of respondents by recasting the trial court's comment at the October 1, 2013 hearing that appellants should have named the Luskins and the Foundation as real parties in interest, rather than as respondents, as a pronouncement that the Luskins and the Foundation are indispensible parties under section 389. Appellants claim the anti-SLAPP motion should have been denied on that basis and that the trial court should have ordered the Luskins and the Foundation added as real parties in interest.

Appellants cannot resurrect their claims against respondents by adding them as real parties in interest. Before the hearing on the anti-SLAPP motion, appellants voluntarily dismissed respondents, thereby precluding any subsequent proceedings as to respondents in this action. (*Lori, Ltd., supra*, 85 Cal.App.2d at p. 61.) That voluntary dismissal is not appealable. (*Bell v. Hummel, supra*, 136 Cal.App.3d at p. 1015.)

12

## DISPOSITION

The order granting respondents' anti-SLAPP motion is affirmed.[5]  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

---

[5]     Respondents ask that we also affirm the trial court's order awarding them fees and costs under section 425.16, subdivision (c) as the prevailing party on their anti-SLAPP motion.  That order, however, is not a subject of this appeal.

13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAVE WESTWOOD VILLAGE et al., | B253013 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS142388) |
| v. | |
| MEYER LUSKIN et al., | |
| Defendants and Respondents. | |

THE COURT:*

The opinion in the above entitled matter filed on December 22, 2014, was not certified for publication.

For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

*ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.