Filed 5/28/15  Save Westwood Village v. Luskin CA2/2

Received for posting 8/18/15

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAVE WESTWOOD VILLAGE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MEYER LUSKIN et al., <br><br> Defendants and Respondents. | B257354 <br><br> (Los Angeles County <br> Super. Ct. No. BS142388) |

APPEAL from an order of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Affirmed.

Law Offices of Noel Weiss and Noel W. Weiss for Plaintiffs and Appellants.

Meyers, Nave, Riback, Silver & Wilson and Amrit S. Kulkarni, Julia L. Bond, and Shiraz D. Tangri for Defendants and Respondents.

Appellants Save Westwood Village, Sandy Brown, and Harald Hahn (collectively, appellants) appeal from an order awarding respondents Meyer Luskin, Renee Luskin, and the UCLA Foundation (collectively, respondents) $19,012.29 in attorney fees pursuant to Code of Civil Procedure section 425.16, subdivision (c).[1] We affirm the attorney fee award.

## BACKGROUND

Respondents filed a section 425.16 special motion to strike (anti-SLAPP motion) all of the claims appellants asserted against them in a verified petition for writ of mandate. In their anti-SLAPP motion, respondents requested an award of statutory attorney fees. Before the hearing on the anti-SLAPP motion, appellants voluntarily dismissed respondents from the action. The notice of dismissal was served on September 27, 2013.

The trial court considered the merits of the anti-SLAPP motion solely for purposes of determining respondents' entitlement to attorney fees under section 425.16, subdivision (c). The trial court granted the anti-SLAPP motion and ruled that respondents were entitled to recover their attorney fees.[2] Notice of the trial court's ruling was served on October 7, 2013.

The trial court thereafter ordered the parties to meet and confer regarding the amount of fees and costs. The parties' meet and confer efforts were unsuccessful, and respondents' counsel informed the trial court at a November 5, 2013 hearing that the parties were at an impasse and stated his intention to file a memorandum of costs. The trial court considered whether a deadline applied to the filing of a memorandum of costs and concluded that no deadline applied because a judgment had not yet been entered.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] We affirmed the trial court's order granting the anti-SLAPP motion in *Save Westwood Village v. Luskin* (2014) 233 Cal.App.4th 135.

The court ordered respondents to produce redacted billing statements and directed the parties to continue to meet and confer. Before the hearing adjourned, the trial court again inquired as to whether any deadline applied to the memorandum of costs. Respondents' counsel responded by stating that he did not believe there was a deadline but expressed concern about leaving the issue "hanging out there." Appellants' counsel replied: "Well, I'm not going to sandbag them, your Honor."

Respondents' counsel provided copies of redacted billing statements for the fees incurred in connection with the anti-SLAPP motion and expressed a willingness to consider an offer from appellants to compromise on the amount of attorney fees. Appellants' counsel did not provide a counter-offer, and on December 20, 2013, respondents filed a memorandum of costs seeking $29,246.75. The memorandum of costs was supported by the redacted billing statements previously provided to appellants' counsel and by a declaration of counsel describing the parties' failed meet and confer efforts.

On January 6, 2014, appellants filed a motion to tax costs, in which they argued that respondents' fee request should have been made by a noticed motion, rather than a memorandum of costs; the request was untimely under California Rules of Court, rule 3.1702 (hereafter, rule 3.1702); the amount of fees requested was excessive because it included time spent preparing a demurrer as well as time spent on an anti-SLAPP motion filed in a separate CEQA action between the parties; the evidence submitted in support of the fee request was inadequate; and respondents' counsels' representation of both respondents and another defendant in this action -- the Regents of the University of California -- gave rise to a conflict of interest that precluded any fee award.

At the May 1, 2014 hearing on the motion to tax costs, the trial court issued a written tentative decision in which the court addressed appellants' argument that the attorney fee request was untimely filed. The court noted in its tentative decision that the request for attorney fees could have been made either by a noticed motion or in a memorandum of costs.

3

The trial court then discussed the applicable deadlines for filing a cost memorandum or a motion. The court concluded that a cost memorandum was due no later than October 22, 2013, or 15 days after the October 7, 2013 notice of ruling on the anti-SLAPP motion, because by that date, a final judgment had been entered as to respondents, and a final ruling on the anti-SLAPP motion had occurred. The trial court further concluded that under rule 3.1702, a motion for attorney fees was due no later December 7, 2013, or 60 days after the October 7, 2013 notice of ruling on the anti-SLAPP motion. Respondents' cost memorandum, filed on December 20, 2013, was thus untimely.

The trial court noted, however, that the deadline for a motion for attorney fees can be extended for good cause under rule 3.1702(d). The court found that good cause existed to extend the deadline, in light of its prior order that the parties meet and confer, counsels' express or implied agreement that the deadline for filing a cost memorandum had not yet expired, and the representation by appellants' counsel that he would not "sandbag" respondents. The trial court deemed respondents' cost memorandum to be a motion for attorney fees under rule 3.1702, extended the time for filing the motion to December 20, 2013, and ruled that respondents' motion was timely filed.

The trial court rejected appellants' arguments challenging the amount of fees requested, but reduced the amount of fees requested by one-third after concluding that approximately half of the work done on the anti-SLAPP motion respondents filed in the this case overlapped with work performed on the anti-SLAPP motion filed in the separate CEQA action.

After hearing argument from the parties, the trial court adopted its tentative decision as its final ruling and granted respondents' motion in the amount of $19,012.29. This appeal followed.

## DISCUSSION

### I. Standard of review

A trial court's ruling on the propriety and amount of an attorney fee award is reviewed for abuse of discretion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.)

4

Under the deferential abuse of discretion standard, "the trial court's fee determination ""will not be disturbed unless the appellate court is convinced that it is clearly wrong.""" [Citation.]" (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322.) In reviewing the trial court's fee determination, the following appellate principles also apply: "'The judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive.' [Citation.]" (*Ibid.*)

## II. Propriety and timeliness of fee request

Appellants contend the fee award should be reversed because respondents did not file a noticed motion for attorney fees. The party prevailing on an anti-SLAPP motion may seek an attorney fee award through three different avenues: simultaneously with litigating the anti-SLAPP motion, by a subsequent noticed motion, or as part of a cost memorandum. (*American Humane Ass'n v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103.) Respondents were not required to file a separate noticed motion in order to determine the amount of fees to which they were entitled. (*Ibid.* ["The successful defendant who specially moves to strike pursuant to section 415.16 has the *option* of utilizing a separate noticed attorney fee motion"], italics added; see also *Gunlock Corp. v. Walk On Water, Inc.* (1993) 15 Cal.App.4th 1301, 1304-1305 (*Gunlock*); *California Recreation Industries v. Kierstead* (1988) 199 Cal.App.3d 203, 208-209 ["failure to file a noticed motion does not deprive the court of jurisdiction to award attorney's fees where the party seeking attorney's fees files and serves a memorandum of costs"].)

Appellants contend the fee award should be reversed because respondents' request for attorney fees was untimely under rule 3.1702. Rule 3.1702 imposes time limits for filing a motion to claim statutory attorney fees "when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute . . . refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons." (Rule 3.1702(a).) Under rule 3.1702(b), a

motion to claim attorney fees for services up to and including the entry of judgment or an appealable order must be filed by the earliest of (1) 60 days after service of a file-stamped copy of the judgment or appealable order, (2) 60 days after service of notice of entry of the judgment or appealable order, or (3) 180 days after entry of the judgment or appealable order.[3]  (Rule 3.1702(b)(1).)

The deadlines for filing a motion to claim entitlement to statutory attorney fees or to determine the amount of such fees may be extended, for good cause, under rule 3.1702(d):  "For good cause, the trial judge may extend the time for filing a motion for attorney's fees . . . ."  (Rule 3.1702(d).)  Rule 3.1702(d) is "'remedial' and is to be given a liberal, rather than strict interpretation.  [Citation.]"  (*Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 135.)

The trial court concluded that under California Rule of Court, rule 3.1700(a) and section 664.5, subdivision (c), respondents' cost memorandum was due no later than October 22, 2013, or 15 days after the October 7, 2013 notice of the court's ruling on the anti-SLAPP motion, and that it had been untimely filed.  The trial court further concluded that respondents' attorney fee request was also untimely because it was due no later than December 7, 2013 -- 60 days after the October 7, 2013 notice of ruling on the anti-SLAPP motion.[4]  The trial court found good cause, however, for deeming appellants'

---

[3]     Rule 3.1702, subdivision (b) provides:  "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court -- including attorney's fees on an appeal before the rendition of judgment in the trial court -- must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case."  Rule 8.104(a) imposes the following time limit for filing a notice of appeal:  the earlier of 60 days after service of a notice of entry of judgment or a file stamped copy of the judgment, or 180 days after entry of judgment.  Rule 8.104(e) makes those same time limits applicable to an appeal from an appealable order.

[4]     Respondents have not challenged the trial court's conclusions that their cost memorandum was untimely because it was filed more than 15 days after the notice of ruling on the anti-SLAPP motion and that the deemed motion for attorney fees was untimely because it should have been filed no later than 60 days after the notice of ruling on the anti-SLAPP motion.  We therefore do not address respondents' argument that had

6

cost memorandum to be a motion for attorney fees and for extending the time for filing the motion under rule 3.1702(d), in light of the unusual procedural posture of the case as the result of respondents' dismissal from the action before the anti-SLAPP motion was heard, counsels' and the trial court's initial belief that the time period for filing a cost memorandum had not expired, and appellants' counsel's representation that he would not "sandbag" respondents with regard to the timelines of their attorney fee request. The trial court's finding of good cause in the instant case, and its extension of the statutory time period to allow respondents' request for attorney fees to be heard was not an abuse of discretion. (*Community Youth Athletic Center v. City of National City* (2013) 220 Cal.App.4th 1385, 1445 [trial court has discretion to allow late filing of fee motions under rule 3.1702(d)]; see also *Gunlock, supra*, 15 Cal.App.4th at pp. 1304-1305 [under California law, courts have "substantial latitude in allowing fees to be awarded without strict compliance with statutory temporal and procedural limitations"].)

Appellants cite *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 (*Sanabria*) in support of their argument that the untimely filing of a cost memorandum and motion for attorney fees precludes an award of costs and fees. The court in *Sanabria* did not address a trial court's discretion to extend the time for filing a motion for attorney fees under rule 3.1702(d). *Sanabria* accordingly does not compel a different outcome in this case.

Appellants next contend the trial court erred by not requiring respondents to file a motion for relief under section 473, and the existence of a purported conflict of interest between respondents and another defendant in the action precludes an attorney fee award. We do not address appellants' claim that a section 473 motion should have been granted, because neither party filed such a motion in this case, nor do we address appellants' argument that a conflict of interest precludes the award of statutory attorney fees, as appellants cite no authority to support that argument. *Goldstein v. Lees* (1975) 46 Cal.App.3d 614, on which appellants rely, involved the withholding of payment by a

they not elected to request their attorney fees in the anti-SLAPP motion, they could still have timely sought fees at the conclusion of the litigation, and their reliance on *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 468 in support of that argument.

7

client to his own attorney, based on the attorney's wrongdoing, and not an award of attorney fees to a prevailing party under section 425.16. (*Goldstein*, at p. 618.)[5]

## III.  Allocation and amount of fee award

Appellants contend the fee award was excessive because it included "block billing entries" for legal work unrelated to the anti-SLAPP motion, but related instead to a demurrer that respondents filed together with the anti-SLAPP motion. The trial court specifically found that the time appellants' counsel spent preparing the demurrer was "inextricably entwined" with the time spent on the anti-SLAPP motion and should be included in the attorney fee award. (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 344-345.)

Appellants concede that "in some instances the work done on both demurrers and the anti-SLAPP motion cannot be reasonably separated" but take issue with time entries on invoices submitted by respondents' counsel that include work performed on both the demurer and the anti-SLAPP motion. A trial court is not required to allocate attorney fees for work on issues or claims that are so intertwined that it is impossible to separate them. (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)

Our review of the demurrer and the anti-SLAPP motion support the trial court's conclusion that many of the underlying facts and legal issues were common to both pleadings and that the work performed could not reasonably be separated between the two. The trial court's decision to award respondents the attorney fees incurred in preparing both pleadings accordingly was not an abuse of discretion. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.)

Appellants next contend the trial court should have reduced the fee award by 55.3 percent rather than by one-third. The one-third reduction was applied to respondents' requested lodestar amount of $28,806.50, resulting in an award of $19,012.29, after the trial court noted that the anti-SLAPP motion filed in this action was 55.3 percent identical

---

[5]  Appellants' counsel raised the conflict of interest argument during oral argument, again citing *Goldstein*. The argument is not relevant to the issues presented in this appeal.

to another anti-SLAPP motion filed by respondents in a separate CEQA action between the parties.

"An appellate court reviews the amount of mandatory attorney fees awarded by the trial court to a defendant who successfully brings an anti-SLAPP motion for abuse of discretion. [Citation.]" (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 686.) "'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong" -- meaning that it abused its discretion.' [Citations.]" (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) Appellants fail to establish any abuse of discretion by the trial court.

## DISPOSITION

The order awarding respondents their attorney fees is affirmed. As the prevailing party in appellants' appeal from an attorney fee award under section 425.16, respondents are awarded their attorney fees and costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

9