Filed 4/27/26

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)


| THE PEOPLE ex rel. YOLO-SOLANO AIR QUALITY MANAGEMENT DISTRICT, Plaintiff, Cross-defendant and Appellant, v. SPENCER DEFTY et al., Defendants, Cross-complainants and Appellants. | C102574 (Super. Ct. No. CV20241095) |


APPEAL from a judgment of the Superior Court of Yolo County, Timothy L. Fall, Judge. Affirmed.

Matthew C. Maclear, Jason R. Flanders, Kenya S. Rothstein, and Aqua Terra Aeris Law Group for Defendant, Cross-defendant, and Appellant.

Klaus J. Kolb and Klaus J. Kolb, LC for Defendant, Cross-complainant, and Respondent Spencer Defty.

Ameet O'Rattan Sharma for Defendant, Cross-complainant and Respondent Diamond D General Engineering, Inc.

Air Coalition Team and Ann M. Grottveit, Jeremy A. McLinden, and Kahn, Soares & Conway, LLP as Amicus Curiae on behalf of Defendants, Cross-complainants, and Respondents.

Pacific Legal Foundation and California Farm Bureau Federation and Caitlyn Kinard, Louis Villacci, Damien M. Schiff as Amicus Curiae on behalf of Defendants, Cross-complainants, and Respondents.

California Air Pollution Control Officers Association and Piero C. Dallarda, Chad Colton, and Best Best & Krieger LLP as Amicus Curiae on behalf of Plaintiff, Cross-defendant, and Appellant.


1

Yolo-Solano Air Quality Management District (district) sued Diamond D General Engineering, Inc. (Diamond), its chief executive officer Spencer Defty doing business as Defty Farms (Defty), and Knotty Wood Barbecue Company, LLC (together with Defty and Diamond, defendants) for statutory and regulatory violations. The complaint alleges defendants failed to correct their conduct despite receiving notices of violation stemming from their business and agricultural operations.

Diamond and Defty filed a cross-complaint for declaratory and injunctive relief, alleging the notices of violation were based on an internal district policy that had not gone through proper rulemaking procedures. The trial court denied district's anti-SLAPP (strategic lawsuit against public participation) motion to strike the cross-complaint.

On appeal, district contends: (1) the causes of action alleged in the cross-complaint arise from district's protected activities of investigating defendants' violations, issuing the notices of violation, settlement offering, and filing the underlying lawsuit; (2) the public interest exemption does not apply; and (3) Defty and Diamond cannot demonstrate a likelihood of success on the merits of the causes of action alleged in the cross-complaint.

We conclude the causes of action alleged in the cross-complaint do not arise from district's protected activities because they challenge the validity of the policy upon which the activities were purportedly based. Having reached this conclusion, we need not discuss the likelihood of success on the merits of these causes of action. We publish to clarify that where, as here, it is easier to dispose of an anti-SLAPP motion on its merits, it is unnecessary to address the public interest exemption.

Undesignated statutory references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND

Diamond provides agricultural services to farmers and ranchers, and Defty is Diamond's chief executive officer. Defty is also the sole manager of Knotty Wood Barbecue Company, LLC.

2

Between 2023 and 2024, district issued three notices of violation to Diamond for operating an equipment unit without a permit, failing to install proper emission controls, and failing to minimize smoke in an agricultural burn.

In an April 2024 initial meeting, defendants' counsel met with district's representatives to discuss the notices of violation. At the meeting, district's representatives did not address the notices of violation but instead stated an independent contractor such as Diamond was not entitled to agricultural exemptions under *Farmers Reservoir & Irrigation Co. v. McComb* (1949) 337 U.S. 755 (*Farmers Reservoir & Irrigation Co.*) and *Julius Goldman's Egg City v. Air Pollution Control Dist.* (1981) 116 Cal.App.3d 741 (*Julius Goldman's Egg City*). No resolution was reached at the meeting.

After the meeting, Defty's counsel emailed district to inquire whether the notices of violation were subject to review by district's hearing board. Defty's counsel stated that if administrative review was unavailable or would be futile, Diamond and Defty would seek judicial review. District's counsel confirmed the notices of violation were not appealable.

Several days later, one of Diamond's clients forwarded to Defty an email exchange he had with district's representatives. In the email exchange, one of district's representative stated "[o]ur policy on this agricultural exemption issue has been consistent for the last 24 years. If you were to operate a grinder as a service for other farmers, you would be an agricultural service … thereby making the exemption unavailable to you" based on *Farmers Reservoir & Irrigation Co.* and *Julius Goldman's Egg City*.

A week after the initial meeting, district sued defendants for various statutory and regulatory violations, seeking injunctive relief and civil penalties. In the "Permitting Requirements" section, the complaint recites multiple district rules, sections from the Code of Regulations, and a "District Policy 24" (policy 24). Specifically, the complaint

3

alleges district rule 3.2, section 107 provides that certain equipment may be exempt from permitting requirement if the " '[e]quipment [is] used exclusively in the growing of agricultural crops or in the commercial raising of fowl or other animals.' " The paragraph immediately following the discussion of district rule 3.2, section 107 states that under policy 24, the exemption in district rule 3.2, section 107 does not apply " 'if those activities are not performed on the farm where the crops are grown, by the farmer (or the farmer[']s employees) who owns or operates the farm where the crops are grown; if the farmer is processing commodities produced by other farmers, as this is not "incidental to or in conjunction with" the farming operation of the farmer on whose premises the processing is done; or to equipment used in activities that are carried on to produce a separate valuable commercial product.' " The paragraph cites *Farmers Reservoir & Irrigation Co.* and *Julius Goldman's Egg City* to support policy 24.

Defendants answered. Diamond and Defty also filed a cross-complaint "for declaratory and injunctive relief because [district] ha[s] issued, and/or threatened to issue, Notices of Violation to [defendants] based on secret regulations or 'policies' adopted by [district] without complying with the express rule making procedures set forth in the applicable statutes that authorize [district]'s actions." According to the cross-complaint, Diamond and Defty first learned of policy 24 from the complaint. District did not make policy 24 available on its website, did not provide Diamond or Defty with a copy of policy 24, and did not inform them of the existence of policy 24. But district "threatened to enforce a series of [notices of violation] [it] ha[d] issued to [Diamond] … , based on [district's] illegal and invalid secret rules or regulations, including the alleged [policy 24], and, threaten[ed] to issue further [notices of violation] to [Diamond] and [Defty Farms] based on the same secret rules." The cross-complaint sought "an order declaring [district's] secret rules or regulations void and unenforceable" and "a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining [district] from enforcing, or threatening to enforce, the illegal and void secret rules or

4

regulations that effectively amend or repeal the agricultural operations exemptions in the Health and Safety Code, the Right to Farm Act, and [district's] own published Rules, at least until [district] complies with the statutorily required procedures for amending or repealing those published Rules."

District filed an anti-SLAPP motion to strike the cross-complaint under section 425.16. The anti-SLAPP motion contends: (1) the public interest exemption does not apply; (2) the causes of action alleged in the cross-complaint arise from district's activities protected by section 425.16, subdivision (e)(4), including the investigation, the issuance of the notices of violation, and the filing of the underlying lawsuit; and (3) Diamond and Defty are unlikely to succeed on the merits of their claims.

A district employee stated in his declaration supporting the anti-SLAPP motion that policy 24 was created "to assist [district] with exercising discretion in permitting and enforcement. Policy 24 is a summary of applicable law and is consistent with the language and rationale dating back over 70 years. Policy 24 was originally developed in 2000 based on advice of counsel to align permitting and enforcement with controlling case law." He further stated that *Farmers Reservoir & Irrigation Co.*, *Julius Goldman's Egg City*, and a 1953 Ninth Circuit case form the bases of policy 24. According to the employee, district does not consider acts inconsistent with policy 24 as violations and its staff are not required to reference policy 24 in issuing permits or enforcing compliance.

The trial court denied the motion, finding the cross-complaint is not a challenge to the notices of violation but rather a challenge to the law upon which the notices are based.

District timely appeals.

### DISCUSSION

District contends the trial court erred in denying the anti-SLAPP motion because the cross-complaint challenges protected activities, including district's investigation, the issuance of notices of violation, the settlement attempt, and the filing of the lawsuit. We

5

disagree.  The cross-complaint challenges the validity of policy 24.  District's regulatory activities were mere evidence related to its liability premised on policy 24.

## I.    Anti-SLAPP Laws

Section 425.16, subdivision (b)(1) (the anti-SLAPP statute) provides:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  An "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  (§ 425.16, subd. (e)(4).)

"Resolution of an anti-SLAPP motion involves two steps.  First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.  [Citation.]  If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success."  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.)

Our review is de novo.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).)  We consider "the pleadings[] and supporting and opposing affidavits."  (§ 425.16, subd. (b)(2).)  "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity."  (*Park*, at p. 1067.)  "We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law."  (*Ibid.*)

6

## II. Public Interest Exemption

In 2003, the Legislature enacted section 425.17 to curb the "disturbing abuse" of the anti-SLAPP statute. (§ 425.17, subd. (a).) It provides in part that the anti-SLAPP statute does not apply to "any action brought solely in the public interest or on behalf of the general public" if certain conditions are met. (§ 425.17, subd. (b).)

Defty contends "[b]efore engaging in the two-step anti-SLAPP analysis, 'a court must consider any claims by the plaintiff that a statutory exemption contained in section 425.17 applies,' " citing *Takhar v. People ex rel. Feather River Air Quality Management Dist.* (2018) 27 Cal.App.5th 15 (*Takhar*). *Takhar* in turn quotes *San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611. (*Takhar*, at p. 24.) But the public interest exemption discussion was necessary to the disposition in both cases. *Takhar* concluded the causes of action in the challenged cross-complaint arose from protected activity and the cross-complainant failed to establish a likelihood of success on the merits of those claims (*Takhar*, at p. 18) and *San Diegans for Open Government* concluded that the challenged complaint fell under the public interest exemption (*San Diegans for Open Government,* at pp. 616-617).

*San Diegans for Open Government* also cited a series of cases holding that the public interest exemption is a threshold issue that we address prior to examining the applicability of the anti-SLAPP statute. (*San Diegans for Open Government v. Har Construction, Inc., supra*, 240 Cal.App.4th at p. 622.) But again, the public interest exemption discussion was necessary to the disposition in those cases because they either concluded the exemption applied or the anti-SLAPP statute applied. (*Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 837 [the challenged complaint arose from protected litigation activity, and the plaintiff could not prevail on the merits]; *Save Westwood Village v. Luskin* (2014) 233 Cal.App.4th 135, 146 [the challenged claims arose from protected activity, and the petitioners could not establish a likelihood of

prevailing on the claims]; *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1452 [the challenged complaint fell under the public interest exemption].)

But in cases where it is easier to dispose of the anti-SLAPP motion on the merits, we conclude it is unnecessary to address the public interest exemption. (See *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438, 455 ["we generally do not address issues whose resolution is unnecessary to the disposition of an appeal"]; see also *Strickland v. Washington* (1984) 466 U.S. 668, 697 ["if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed"].) Thus, because we conclude below that the causes of action alleged in the cross-complaint do not arise from district's protected activities, we do not reach the public interest exemption. District's anti-SLAPP motion fails regardless of whether the public interest exemption applies.

### III. Arises from Protected Activity

"A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.] Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' … [T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' " (*Park, supra*, 2 Cal.5th at pp. 1062-1063.) "In deciding whether an action is a SLAPP, the trial court should distinguish between (1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based on* speech or petitioning activity." (*Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1214-1215.)

Here, the causes of action alleged in the cross-complaint arise from the validity of policy 24. The cross-complaint claims district issued or had threatened to issue notices of violation under policy 24 even though policy 24 was not properly adopted under the rulemaking procedures set forth in the Health and Safety Code. It sought an order

8

declaring district's secret rules and regulations void and unenforceable and enjoining district from enforcing the secret rules and regulations until they comply with the rulemaking procedures.  Such declaratory and injunctive relief is an "appropriate means to determine whether [district] complied with" the Health and Safety Code.  (*Graffiti Protective Coating, Inc. v. City of Pico Rivera, supra*, 181 Cal.App.4th at p. 1215; accord, *Associated General Contractors of California, Inc. v. Department of Industrial Relations* (2025) 108 Cal.App.5th 243, 264.)  Unlike the complaint in *CKE Restaurants Inc. v. Moore* (2008) 159 Cal.App.4th 262, the cross-complaint does not directly challenge the merits of the notices of violation.  (*Id.*, at p. 271 [finding the complaint arose from protected regulatory activity when it "directly challenged the merits of" the violation notice "by referring to and quoting from" the notice].)  It is also different from the petition in *Santa Clara Waste Water Co. v. County of Ventura Environmental Health Division* (2017) 17 Cal.App.5th 1082.  The gravamen of the petition there "d[id] not involve a challenge to or enforcement of an ordinance, regulation or statute" but instead challenged the right of a county environmental health division to declare a chemical as hazardous waste and to cooperate with district attorney.  (*Id.* at p. 1090.)

Moreover, at the meeting that was supposed to resolve the notices of violation, district did not address the notices but merely stated that Diamond was not entitled to agricultural exemptions under *Farmers Reservoir & Irrigation Co.* and *Julius Goldman's Egg City*.  It cited the same cases in its email to Diamond's client on agricultural exemptions and stated district's "policy on this agricultural exemption issue has been consistent for the last 24 years."  District's employee declared that these two cases form the basis of policy 24 and that policy 24 was created 24 years ago.  And district's complaint lists policy 24 along with other district rules and statutes under its "Permitting Requirements" section.  The pleadings and affidavits are sufficient to show district may have followed policy 24 and applied policy 24's summary and interpretation of case law in its regulatory activities.

The investigation, the issuance of notices of violation, the settlement attempt, and the filing of the underlying lawsuit are "mere *evidence* related to" district's allegedly improper adoption and enforcement of policy 24. They demonstrate the influence policy 24 potentially has on district's regulatory activities. This is distinguishable from *Takhar* where the cross-complainant was seeking "a judicial determination that he is exempt from [a district rule], and thereby challenging the District's protected enforcement activities, including issuance of the notice of violation and commencement and prosecution of the civil enforcement action itself." (*Takhar, supra*, 27 Cal.App.5th at p. 32.)

We recognize that Diamond states the cross-complaint is compulsory and section 426.10, subdivision (c) provides a compulsory cross-complaint "arises out of the same transaction, … as the cause of action which the plaintiff alleges in his complaint." But just because the causes of action in the cross-complaint arise out of the same transaction as the causes of action in the complaint does not mean the complaint forms the basis for district's liability in the cross-complaint. (*Park, supra*, 2 Cal.5th at p. 1063 [a claim arises from protected activity when the defendant's protected activity forms the basis for its liability]; see *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 538 ["in the breach of contract context, the [compulsory cross-complaint] rule means any claims the defendant has against the plaintiff based on the same contract generally must be asserted in a cross-complaint, even if the claims are unrelated to the specific breach or breaches that underlie the plaintiff's complaint"].)

District contends Diamond and Defty misstate the facts by claiming district "adopted" policy 24 as a rule when policy 24 is merely an internal summary of applicable law. But we must "accept the plaintiff's submissions as true" in determining whether the challenged claims arise from protected activity. (*Park, supra*, 2 Cal.5th at p. 1067.) Merely alleging policy 24 is a summary of laws does not entitle district to prevail as a matter of law. (See *ibid.*) We express no opinion as to the nature or validity of policy 24.

10

Because district has failed to demonstrate the causes of action in the cross-complaint arise from protected activity, we need not consider the probability of success of these claims.

DISPOSITION

The trial court's order is affirmed.  Diamond and Defty shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
MESIWALA, J.

We concur:


/s/
EARL, P. J.


/s/
ROBIE, J.

11